| 42 | 499 |
| 51 | 379 |

STATE OF NEBRASKA, EX REL. SCHOOL DISTRICT No. 1, SIOUX COUNTY, v. SCHOOL DISTRICT No. 19, SIOUX COUNTY, ET AL.

FILED NOVEMBER 8, 1894.    No. 4954.

1. School Districts: PRESUMPTION OF LEGAL ORGANIZATION: QUO WARRANTO. After a school district has exercised the franchises and privileges thereof for the period of one year, its legal organization will be conclusively presumed, whatever may have been the defects and irregularities in the formation or organization of such district.

ERROR from the district court of Sioux county.    Tried below before KINKAID, J.

*Spargur & Fisher*, for plaintiff in error, cited: *State v. Compton*, 28 Neb., 485; *Cowles v. School District*, 23 Neb., 655; *Dooley v. Meese*, 31 Neb., 424; *State v. Stein*, 13 Neb., 532; *State v. Hamilton*, 29 Neb., 198; *State v. Boyd*, 31 Neb., 682; *State v. School District*, 34 Kan., 237; *County of Piatte v. Goodell*, 97 Ill., 84; *People v. Town of Oran*, 121 Ill., 650.

*W. H. Westover, contra.*

NORVAL, C. J.

On November 13, 1888, the relator instituted in the court below proceedings in *quo warranto* against school district No. 19, Sioux county, and Daniel Kline, James T. Mason, and W. H. Johnson, claiming to be the officers of said district, for the purpose of determining the legality of the organization of the said respondent district, and ousting it from exercising the rights, franchises, and privileges of a school district. A general demurrer to the information was sustained, the action dismissed, and the relator prosecutes error to this court.

For a correct understanding of the question involved it will not be necessary to set out in this opinion a copy of the information. For our purpose it is sufficient to state that it appears that school district No. 1 was composed of eighteen sections of land, but that on the 4th day of October, 1887, the county superintendent of Sioux county, upon a petition presented to him for that purpose, divided said district No. 1 by taking therefrom eight sections of land, and erecting and forming out of the same said school district No. 19; that the petition for the division of the district was not signed by the requisite number of qualified petitioners; that no notice of the date of the presentation of the petition was ever posted; that no list of the legal voters of district No. 1 was filed with, or given to, the county superintendent at the time said petition was pre-

sented to him; that the respondent district has ever since the 4th day of October, 1887, exercised the rights, privileges, and franchises of a school district within and for the territory composed of the said eight sections of land. In order to give a county superintendent jurisdiction to divide or change the boundaries of a school district, a petition in writing, signed by at least one-third of the legal voters of the district affected, must be presented to him for that purpose, and notices of the proposed action and when the petition will be presented to the county superintendent must be given for the time and in the manner designated by section 4, subdivision 1, chapter 79, of the Compiled Statutes. (*Cowles v. School District*, 23 Neb., 655; *State v. Compton*, 28 Neb., 485; *Dooley v. Meese*, 31 Neb., 424; *School District v. Coleman*, 39 Neb., 391.) There is no room to doubt that there are defects and irregularities in the erection and organization of the respondent district. The petition for the change of boundaries of district No. 1 was not signed by a sufficient number of qualified voters, nor was any notice given of the presentation of the petition to the county superintendent. The question arises whether these defects and irregularities can now be taken advantage of by the relator.

Section 8, subdivision 3, of chapter 79 of the Compiled Statutes, provides: "Every school district shall, in all cases, be presumed to have been legally organized when it shall have exercised the franchises and privileges of a district for the term of one year." It is conceded that, under the foregoing provision, if there had been nothing at fault in the formation and organization of school district No. 19 but mere irregularities, its legal organization would be presumed. It is, however, contended that no such presumption exists where the jurisdictional steps prescribed by the statute for the erection of a school district have not been taken. In other words, where there has been a total disregard of the requirements of the statute in the formation of

a school district the organization is void on its face, and in
such case the section quoted above does not apply. We are
not willing to place so narrow or limited a construction upon
the statute. Had the legislature intended that the section
should apply alone to the districts where but mere formal
defects or irregularities appear in their organizations or
formations, it would have said so; but instead it has used
language susceptible of but one construction, and that is,
that the presumption of legal organization after the lapse
of a specified period applies to "every school district" and
"in all cases." The framers of the statute could, had they
so desired, authorized a county superintendent to form two
or more school districts out of an existing one, without any
petition whatever of the voters of the district affected, or
without any notice, and so it certainly had the power to pro-
vide where the statutory steps laid down for the division of
a school district have not been taken, such as the presenta-
tion of a proper petition or the giving of notice that such
defects in the formation and organization of the district
shall be of no avail after the district has exercised the
franchises and privileges thereof for one year.

The section of the school law we have been considering
was construed by this court in *State v. School District*, 13
Neb., 78. Chief Justice LAKE, in delivering the opinion of
the court, uses the following language: "This section is
exceedingly comprehensive. Its terms are sweeping. It ap-
plies, as its language clearly imports, 'in all cases' wherein
the doings of a district, as such, are called in question or in
any way involved, as well to acts during the first year, and
from which this presumption arises, as to those performed
afterwards. So far, therefore, as concerns the capability
of the district to take upon itself the obligation of a bor-
rower of money, its complete organization at the time it
assumed to do so must be indisputably presumed." In
the case under consideration the defects in the formation
of the respondent district cannot now be questioned, but

the legal organization of such district is conclusively presumed, since the record discloses that it had exercised the privileges, powers, and franchises of a school district for more than a year prior to the institution of this action. The information, therefore, failed to state facts sufficient to entitle the relator to the relief demanded, and the court below did not err in sustaining the demurrer and dismissing the action. The judgment is

AFFIRMED.