STATE, EX REL. JOHN DIEMER, APPELLANT, V. THEO. A. FRYE
ET AL., APPELLEES.

FILED NOVEMBER 17, 1916. No. 19496.

Schools and School Districts: ORGANIZATION OF DISTRICTS: AUTHORITY
OF COUNTY SUPERINTENDENT. The proviso to the third subdivision
of sec. 6703, Rev. St. 1913, is not in conflict with the preceding por-
tion of the subdivision, and confers authority upon the county su-
perintendent of schools in a county in which territory lies which
was not then a part of any school district to organize such terri-
tory into new districts or to attach the same to adjoining dis-
tricts without petition or notice.

APPEAL from the district court for Grant county: JAMES
R. HANNA, JUDGE. *Affirmed.*

*Daniel F. Osgood,* for appellant.

*A. D. Fetterman, contra.*

LETTON, J.

The purpose of this action is to detach from school
district No. 3 of Grant county certain territory annexed
thereto by the county superintendent of schools in Janu-
ary, 1910. The relator insists that the addition of this
territory to the district was made without jurisdiction
or authority on the part of the county superintendent,
for the reason that no petition was presented to change the
boundaries of the district, or to attach any portion of the
territory thereto; that no notice of any kind was ever
given containing a statement of what changes were pro-
posed in the district boundaries, and of the time and place
where the petition would be presented to the county super-
intendent; that the petitioner is a heavy taxpayer in the
district, and that the district board are threatening to
spend moneys of the district within the territory so at-
tempted to be attached; that a petition and notice were
necessary to authorize the county superintendent to at-
tach unorganized territory to the district. It is admitted

that no petition praying for the annexation of the dis-
puted territory to the district was presented, and that
no notice was given.

The relator relies upon the case of *State v. Compton*, 28
Neb. 485, which holds that a county superintendent of
schools has no jurisdiction to detach the property of a
part of a school district and attach it to an adjoining
district without a petition in writing, and without notice
being given of the time and place where a hearing should
be had in the matter. At the time the facts in that case
arose, section 4, subd. 1, ch. 79, Comp. St. 1887, was in
force. The third subdivision of this section provided:
"The county superintendent shall not refuse to change
the boundary line of any district, or to organize a new
district when he shall be asked to do so by a petition from
each district affected, signed by two-thirds of all the legal
voters in such district." It also required that notice be
given of the contents of the petition and when it would
be presented to the county superintendent. Afterwards
a provision was added that he should not refuse to annex
unorganized territory to an existing district on petition
signed by two-thirds of the district and of the territory
proposed to be attached, and notice of this was required.
At the legislative session of 1909 this section was amended
by adding the following provision: "Provided that on
January 2, 1910, any territory which is not then a part
of any school district shall, by the county superintendent
of the county in which such territory lies, either be organ-
ized into new districts, or attached to one or more adjoin-
ing districts." Laws 1909, ch. 117, subd. 3. The relator
contends that this proviso does not operate to affect the
third subdivision requiring petition and notice, citing the
decision in *School District v. Coleman*, 39 Neb. 391, to the
effect that a proviso should be considered as referring to
that which immediately precedes it only. Conceding this,
the proviso in the amendment of 1909 immediately follows
that part of the third subdivision of the section which pro-
vides that the county superintendent shall not refuse "to

annex to an existing district any territory not organized into districts when asked to do so by petitions signed by two-thirds of the legal voters of the existing district and the territory proposed to be attached," and providing for a notice. Laws 1909, ch. 117. The proviso affected that portion of the law immediately preceding it.

There is no inconsistency between it and the remainder of the section. The proviso did not become effective until January 2, 1910. The statute went into effect July, 1909. The legislative purpose evidently was to allow about six months during which the residents of unorganized territory might present petitions to the county superintendent either asking the formation of a new district or indicating the district to which they desired to be attached. If at the end of that time they had indicated no preference, the county superintendent was directed to proceed upon his own initiative and either organize the territory into new districts or attach it to one or more of the adjoining districts. This is what was done in Grant county. The statement of facts shows that five similar annexations of unorganized territory to other districts were made and one new district was created upon the same day, thereby placing within organized districts all the previously unorganized territory within the county. The county superintendent being vested with authority to make this annexation, the plaintiff has no cause of action.

The judgment of the district court is

AFFIRMED.