STATE, EX REL. SCHOOL DISTRICT No. 67, KEARNEY COUNTY, ET AL., APPELLANTS, V. SCHOOL DISTRICT No. 2, KEARNEY COUNTY, ET AL., APPELLEES.

FILED NOVEMBER 28, 1927. No. 26026.

*Lewis C. Paulson*, for appellants.

*C. P. Anderbery* and *J. L. McPheely*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and RAIT, District Judge.

DEAN, J.

This is a suit in *quo warranto*. The nature of this suit, as stated by the parties in their respective briefs, is, in substance and effect, to test the legality of the organization of the Lowell rural high school district, and that school district number 67 may be dissolved from school district number 2 of Kearney county.

In their amended petition plaintiffs pray that all of certain described territory, "constituting more than four (4) sections of land, be reorganized and established, and its former boundaries, as they existed at the time said territory was known as district number 67, be established and restored, and that said territory be established as a school district independent from all other districts and from district number 2, all of which territory is rural territory and outside of the limits of any incorporated city or village."

In their brief the plaintiffs argue that in 1914 an attempt was made to organize "Lowell rural high school district," but there is no record of such organization in the county superintendent's office. They also argue that no organization of such district "was ever made as by law provided," and that ever since 1914 taxes have been illegally levied for school purposes against the property of the taxpayers resident or owning property therein. We think that, under the law and the decided cases in this jurisdiction, the plaintiffs have not maintained their suit. The school district in ques-

tion has been in active operation for more than 12 years. Section 6300, Comp. St. 1922, contains this provision:

"Every school district shall, in all cases, be presumed to have been legally organized when it shall have exercised the franchises and privileges of a district for the term of one year."

It was in its solicitude that mere technical rules of legal practice shall not interfere with the operation of the school system of our state that the legislature, in its precautionary wisdom, enacted the foregoing act.

The same statute, now under consideration, was construed in *State v. School District No. 24*, 13 Neb. 78, in an opinion by Lake, C. J., wherein this language was used:

"This section is exceedingly comprehensive. Its terms are sweeping. It applies, as its language clearly imports, 'in all cases' wherein the doings of a district, as such, are called in question or in any way involved, as well to acts during the first year, and from which this presumption arises, as to those performed afterwards."

This act was also construed in *State v. School District*, 42 Neb. 499, in an opinion by Norval, C. J. The court quoted with approval the above quotation and added:

"Had the legislature intended that the section should apply alone to the districts where but mere formal defects or irregularities appear in their organizations or formations, it would have said so; but instead it has used language susceptible of but one construction, and that is, that the presumption of legal organization after the lapse of a specified period applied to 'every school district' and 'in all cases.' "

The Lowell rural high school was officially recognized and approved by the state superintendent's office in 1914 and 1915. And in 1926 and 1927 the official "Nebraska Educational Directory" recognized the school district in question along with 21 other high schools of the state. And there is an exhibit in the record "containing the names of pupils (110) who have attended the Lowell rural high school from 1912 to 1926." It is stipulated that, for the year 1926, the

assessed value of property in district number 2 was $419,-920, and in district number 67 for the same year was $225,-940. And it is shown by a certificate of the county treasurer that, for the years 1912 to and including 1925, a total of $28,541.19 in tax levies had been made for the support of this school.

In the present case it is pointed out that at times, and perhaps at the present time, the school attendance dropped to an attendance of five pupils, and even less. But whether the school attendance is large or small is not, under the law, a controlling factor in the present state of the record. The school system of our state recognizes the vitally important fact that education is for all persons within such school age as has been fixed by the legislature. Obviously this priceless boon cannot be regulated by the number of pupils who may attend the district school. And if by chance there should be but one pupil of school age in any school district of this state, that pupil is entitled to the benefit of the school privileges which the law guarantees for the education of all the school children of the state.

In view of the facts before us and of the law applicable thereto, we conclude that the judgment of the district court is right and it must be and it hereby is

AFFIRMED.