STATE, EX REL. CLAY BROWN ET AL., APPELLANTS, V. SCHOOL DISTRICT NO. 44 OF KEYA PAHA COUNTY ET AL., APPELLEES.

FILED JULY 11, 1930. No. 27447.

*J. J. Harrington,* for appellants.

*Ross Amspoker* and *H. G. Greenamyre, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This is an application for a writ of mandamus against the directors of school district No. 44 of Keya Paha county, Nebraska, by resident taxpayers of said district to require them to furnish transportation for their children to and from school. Under section 6576, Comp. St. 1922, consolidated school districts are required to furnish such transportation. The trial court denied this writ. Since it is admitted by the parties that, if this is a consolidated school

district under the statute, it should furnish such transportation, the sole question presented is whether district No. 44 is a consolidated district. In order to determine this question it is necessary to examine the history of the organization. In July, 1916, two separate and distinct districts, known as 44 and 77 became district No. 44. The appellees contend that the districts were united under sections 6241 and 6242, Comp. St. 1922, which provide for the formation of a new district, while the appellants contend that the union took place under chapter 121, Laws 1915, which provides for a consolidated school. As stated in appellees' brief, the requirements as to consolidated schools, as to organization, are much the same as the requirements in the formation of a new district. Does the proceeding followed in the organization of district No. 44 characterize it as a new district or as a consolidated school? Under the statute, new districts may be formed from other organized districts. "The county superintendent shall have discretionary power to create a new district from other organized districts upon a petition signed by one-third of the legal voters in the district affected." Comp. St. 1922, sec. 6241. This procedure was not followed, but instead each district voted to consolidate as provided under chapter 121, Laws 1915. Section 2 of said chapter 121 provides that districts located contiguous to each other may unite and form one consolidated district. The appellees contend that this section is limited to districts providing high school instruction. This section did not so limit the consolidation of schools. It is not ambiguous and needs neither explanation nor construction. The record sustains the conclusion that the two districts in the organization of district No. 44 substantially followed this method rather than the other. A district will be presumed to have been legally organized when it shall have exercised the franchises and privileges of a district for a term of one year. This district was organized in 1916 and has been functioning as such to this date. *Kockrow v. Whisenand,* 88 Neb. 640; *State v. School District,* 42 Neb. 499. The intention of the people of two districts must be determined

by the things they did in the organization of district No. 44, rather than by the suggestion of the appellees as to what would have been more practicable for them to have done. If the school district organized is not the type suitable for the territory included within district No. 44, there is nothing to prevent the electors of the district proceeding under the law to secure an organization suitable to their requirements. No useful purpose would be served by quoting at length these various provisions of the statutes. The appellees have not directed our attention to anything that characterizes this district as a newly formed district rather than a consolidated district.

We have examined the record and concluded that school districts No. 44 and No. 77 substantially complied with chapter 121, Laws 1915, in the organization of district No. 44, and that said district is a consolidated district as contemplated by the legislature under section 6576, Comp. St. 1922. The judgment of the lower court is reversed and the cause remanded, with directions to issue the writ of mandamus.

REVERSED.