SCHOOL DISTRICT NO. 23 OF DAKOTA COUNTY, NEBRASKA, ET AL., APPELLEES, v. SCHOOL DISTRICT NO. 11 OF DAKOTA COUNTY, NEBRASKA, ET AL., APPELLANTS.

148 N. W. 2d 301

Filed January 27, 1967. No. 36377.

Smith, Smith & Boyd and Cecil W. Orton, for appellants.

Ryan & Scoville and McKinley & Jandt, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and LYNCH, District Judge.

SMITH, J.

A county superintendent of schools attached to one school district the lands of another district, which he also dissolved. On review of the order in an error pro- ceeding the district court found the evidence insufficient, and it therefore vacated the order. This appeal followed.

The parties argue not only sufficiency of the evidence but also constitutionality of the statute under which the administrative order was made. Appellees say that absence of a statutory provision for notification and hearing denied them due process of law. Inseparable from the argument is the further question whether the order might be attacked by error proceedings.

The superintendent asserted authority under this statute: "When a river has changed or changes its channel so that the original boundaries of the school district have been changed and the district is less in area than four full sections of land, exclusive of accreted lands, and the school district has fewer than twenty persons of school age, the county superintendent shall attach such remainder or portion to an adjoining district or districts." § 79-408.01, R. R. S. 1943.

Although the statute authorized summary action, the superintendent published notice of hearing, announcing that School District No. 23 was subject to merger with neighboring school districts. At the appointed time and place he held a hearing at which appellees were repre- sented. He orally stated in some detail that the area of School District No. 23 was 1,208.5 acres, exclusive of accretion, and that only 12 children of school age re- sided there. The district was bounded by the Missouri River, but nothing in the record shows that a channel change reduced the size of the district. Appellees un- successfully objected to deprivation of a right to cross-

examine the superintendent. The subsequent order transferred all the land of School District No. 23 to School District No. 11.

The initial decision in the transfer of land from one school district to another is legislative. In that respect transfers are unaffected by constitutional guaranties of procedural due process. See, Halstead v. Rozmiarek, 167 Neb. 652, 94 N. W. 2d 37; School Dist. No. 7 of Wallowa County v. Weissenfluh, 236 Or. 165, 387 P. 2d 567. A statute directing detachment of land without a hearing was held, however, to violate due process. Schutte v. Schmitt, 162 Neb. 162, 75 N. W. 2d 656.

ʼ The statute in the Schutte case described school districts in terms of voters, pupils, and contracts with other districts for tuition and transportation. It directed the county superintendent to dissolve those districts summarily. The court said that the administrative authority was legislative but that a finding of facts necessary for authority was quasi-judicial. It concluded that lack of a provision for notification and a trial type of hearing violated constitutional due process.

The thought of fixing boundaries without an administrative hearing had not shocked the court in prior cases. "The framers of the statute could, had they so desired, (have) authorized a county superintendent to form two or more school districts out of an existing one, without any petition whatever of the voters of the district affected, or without any notice * * *." State ex rel. School Dist. No. 1 v. School Dist. No. 19, 42 Neb. 499, 60 N. W. 912. See, also, State ex rel. Diemer v. Frye, 100 Neb. 364, 160 N. W. 112.

The statute in the Schutte case affected private interests in respect to taxes and educational opportunity. In spite of those consequences there was no occasion for individual controversy prior to the administrative decision. See School Dist. No. 7 of Wallowa County v. Weissenfluh, supra. The facts were not adjudicative within the "principle * * * that a trial type of hearing

is ordinarily required for disputes of adjudicative facts." 1 Davis, Administrative Law Treatise, § 7.03, p. 415. The Legislature itself had not intimated that the superintendent was to act in a judicial manner. The court in Schutte mistakenly relied on the construction of a far different statute in Ruwe v. School Dist. No. 85, 120 Neb. 668, 234 N. W. 789. For these reasons the Schutte case is overruled.

In the present case the superintendent decided no dispute of adjudicative fact, and no statute required him to act in a judicial manner. Such orders are not reviewable by error proceedings, which are limited to orders made in the exercise of judicial functions. §§ 25-1901 and 25-1903, R. R. S. 1943; Longe v. County of Wayne, 175 Neb. 245, 121 N. W. 2d 196. In such circumstances collateral attack offers an adequate remedy. See, Bierman v. Campbell, 175 Neb. 877, 124 N. W. 2d 918; Elliott v. City of Auburn, 172 Neb. 515, 110 N. W. 2d 218 (Spencer, J., dissenting).

The judgment is reversed and the cause remanded with directions to dismiss the petition in error.

REVERSED AND REMANDED WITH DIRECTIONS.