165 N.W.2d 719 (1969)
184 Neb. 196
Melville L. CHALOUPKA, Appellant,
v.
AREA VOCATIONAL TECHNICAL SCHOOL NO. 2 et al., Appellees,
Keith County, Nebraska; Lincoln County, Nebraska, and Barbara Anderson, Intervenors-Appellants.
No. 37165.
Supreme Court of Nebraska.
March 14, 1969.
*720 Baylor, Evnen, Baylor & Urbom, Lincoln, for appellant.
Maupin, Dent, Kay, Satterfield & Gatz, North Platte, for appellees.
Frank B. Svoboda, County Atty., Ogallala, W. R. Mullikin, County Atty., North Platte, for intervenors-appellants.
Heard before WHITE, C.J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN and NEWTON, JJ.
SPENCER, Justice.
This is an action to enjoin an election on the issue of withdrawal of counties from the geographical boundaries of Area Vocational Technical School No. 2, hereinafter referred to as vocational school.
The plaintiff is a resident, legal voter, and taxpayer in Custer County, Nebraska, which is within the geographical boundary of vocational school. All of the defendants except vocational school and Irene M. James are members of the governing board of vocational school. Irene M. James is the county clerk of Custer County and an election official of that county. Keith County, Lincoln County, and Barbara Anderson, an elector and taxpayer of Keith County appear as interveners in the action.
The action raises the constitutionality of subsection (2) of section 79-1445.21, R.S. Supp.1967, which subsection was added by Legislative Bill 832, Laws 1967, c. 553, s. 1, p. 1822, and provides a method of withdrawal from a vocational school area. The action also raises the sufficiency of the petitions relating to the withdrawal of some of the counties; the power and authority of the State Board of Vocational Education to act in validating petitions for withdrawal; the allowance of a motion for a supersedeas bond by two interveners; and the propriety of disallowing a supersedeas bond on behalf of the plaintiff after allowance of the supersedeas bond on behalf of the two interveners.
The trial court found that section 79-1445.21(2), R.S.Supp.1967, was not violative of any constitutional provision, but that the State Board of Vocational Education was without power and authority to act in validating the petitions for withdrawal and thereafter certifying such validation to the governing board of vocational school, for the reason that such board had failed to adopt, publish, and file rules in accordance with sections 84-901 to 84-916, R.R.S.1943, relating to a hearing and notice and that the purported validation and certification of such validation were null and void.
The trial court issued a permanent injunction against the governing board of vocational school, two intervening counties within the geographical boundaries of said school, and Irene M. James, county clerk of Custer County, enjoining them from *721 taking any action to submit the question of the withdrawal of such counties to the electors of the area encompassed by such vocational school. Interveners Barbara Anderson and Keith County were permitted to post a supersedeas bond to supersede the injunction, and the motion of plaintiff for a supersedeas bond was denied. The trial court further directed that the election be held, but because of the failure of Irene M. James and the intervener Lincoln County to file a supersedeas bond, the trial court enjoined the counting of ballots in Custer County and Lincoln County pending the determination of the appeal.
Section 79-1445.21(2), R.S.Supp.1967, is as follows: "(2) One or more counties within the geographical boundaries of an area vocational technical school may withdraw from such area by filing petitions requesting withdrawal signed by the legal voters of the county or counties in which the area vocational technical school is located. Such petitions shall contain signatures of legal voters equivalent to at least twenty per cent of the total number of votes cast at the last general election for Governor within the county or counties proposed to be withdrawn; Provided, that when the petitions request withdrawal of more than one county, the petitions shall also contain signatures equivalent to not less than fifteen per cent of the votes cast at the last general election for Governor in each of the counties petitioning for withdrawal. The petitions for withdrawal shall be presented to the State Board of Vocational Education, and upon validation of the signatures of the petitions the state board shall certify such validation to the governing board of the area vocational technical school which shall then take the necessary action to submit the question of withdrawal to the electors of the entire area vocational technical school at the next general election. A majority of the votes cast in such election shall be required to withdraw from such area or transfer to another area vocational technical school."
Plaintiff argues that the above section is violative of the due process provisions of Article I, section 3, Constitution of Nebraska, and the Fourteenth Amendment to the Constitution of the United States, in that it fails to require a hearing and a notice of such hearing by or before the State Board of Vocational Education to determine the validity of the signatures on the withdrawal petitions.
Plaintiff relies on several school district cases which are not applicable to the situation herein. Two recent school district cases, School Dist. No. 23 of Dakota County v. School Dist. No. 11, 181 Neb. 305, 148 N.W.2d 301, and Frye v. Haas, 182 Neb. 73, 152 N.W.2d 121, are more nearly analogous, and point the way herein. In School Dist. No. 23 of Dakota County v. School Dist. No. 11, supra, pursuant to section 79-408.01, R.R.S.1943, where the river had changed its channel so that the original boundaries of the school district changed so that the district was less in area than four full sections of land and had fewer than 20 persons of school age, the county superintendent attached said district to an adjoining district. In that case we held that no adjudicative fact was involved which required the superintendent to act in a judicial manner.
In Frye v. Haas, supra, we held that a determination by county officials preparing the tax lists of the number of school age children residing in each county where there is a joint school district comprised of parts of two or more counties is not an adjudicative fact, and required no judicial hearing.
When petitions for withdrawal are presented to the State Board of Vocational Education pursuant to section 79-1445.21(2), R.S.Supp.1967, there is no adjudicative fact at issue within the principle that a trial type of hearing is required for disputes of adjudicative facts. The board does not act judicially or quasi-judicially, but performs a purely administrative act of exactly the same type as that performed *722 by the Secretary of State precedent to the action of the electorate in passing on initiative and referendum petitions.
The board is not passing on the question of withdrawal of a county from the area. It is not making a final determination on the ultimate fact but is merely certifying the signatures to the governing board of the vocational school which takes the necessary action to submit the question to the electors of the vocational area. The action of the State Board of Vocational Education in the certification of signatures is not affected by the constitutional guarantees of procedural due process. Those opposed to the withdrawal of counties from the vocational area, if the petitions are inadequate and invalid, are not without adequate remedy.
In the trial court plaintiff contended that the provision requiring signatures of legal voters equivalent to 20 percent of the total number of votes cast at the last general election for Governor if the petition requested the withdrawal of one county but requiring only an equivalent to 15 percent if the petition requested the withdrawal of more than one county, was unconstitutional for the reason that it creates an unreasonable classification. The trial court determined otherwise, and we affirm that finding.
Plaintiff's last point on constitutionality involves the claim that the subject or subjects are not clearly expressed in the title of the act. Article III, section 14, Constitution of Nebraska, provides in part: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." The title of Legislative Bill 832 was as follows: "AN ACT to amend section 79-1445.21, Reissue Revised States of Nebraska, 1943, relating to area vocational technical schools; to provide for county withdrawal from area vocational technical schools as prescribed; and to repeal the original section." Plaintiff's argument is addressed to the fact that the last sentence of the act set out heretofore, reads as follows: "A majority of the votes cast in such election shall be required to withdraw from such area or transfer to another area vocational technical school." His complaint is that transfer to another area vocational school is not included in the title. Actually, transfer is one method of withdrawing from the district. We consider the title to be adequate. We have said on many occasions that the title is not intended to be a synopsis of the act but is intended to be descriptive of the subjects embraced within the act. Legislative Bill 832 meets this test.
There is no merit to plaintiff's attack on the constitutionality of section 79-1445.21(2), R.S.Supp.1967. Further, if no hearing or notice are required on the validation of the signatures, as we here determine, the fact that the State Board of Vocational Education failed to adopt, publish, and file rules pursuant to sections 84-901 to 84-916, R.R.S.1943, as found by the trial court, is immaterial herein and that finding of the trial court must be reversed.
The only evidence submitted regarding the validity of petitions pertained to Custer County. The trial court made no determination thereon, but applying rules recently enunciated in State ex rel. Morris v. Marsh, 183 Neb. 521, 162 N.W.2d 262, we find the petitions for Custer County to be sufficient.
In view of the conclusions we have reached herein, there is no need to consider the assignments pertaining to supersedeas bonds of either party.
For the reasons enumerated above, we reverse the judgment herein and remand the cause with directions to dismiss the plaintiff's petition and direct that the results of the election be ascertained.
Reversed and remanded with directions to dismiss.