DAVID OTTO ET AL. V. GEORGE CONROY ET AL.

FILED MAY 3, 1906.   No. 14,300.

**Highways: VACATING: DISCRETION OF COUNTY BOARD.** The decision of the necessity or expediency of establishing, maintaining or vacating a public road is committed exclusively to county boards and other like legislative and governmental agencies, and is not subject to judicial review.

ERROR to the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Hamer & Hamer,* for plaintiffs in error.

*H. M. Sinclair, contra.*

AMES, C.

A certain public road in Buffalo county intersected a section line at two points, and between those two places traversed two adjoining quarter sections of land. A sufficient number of freeholders, having the qualifications required by the statute, presented to the county board a petition praying for a vacation of the road between these two points of intersection, and the connection of such points by the opening and working of a statutory road along the section line. A large number of residents of the county, none of them living or owning property between the places of intersection, or along the line either of the statutory road or of that portion of the old road proposed to be vacated, filed a remonstrance against the action prayed in the petition, the gist or substance of which is the following: "This road has been traveled by the public for 29 years and is one of the main-traveled roads leading into the village of Shelton, and is now a good road for hauling heavy loads over. Realizing that the change as contemplated by your honorable body will require a great expense if the new road is put in good condition to travel, and that such contemplated change will work a great hardship upon

the farmers who are now compelled to travel it, and that many of them will be compelled to go elsewhere to trade, thus working a great injury to the business interests of the village of Shelton, we desire to protest against the proposed changing of said road as contemplated by your honorable body and petition that said road be left as it now is." The county board rejected the remonstrance and granted the petition, as did also the district court to which the matter was carried by proceedings in error, and from the judgment of affirmance in the district court error is prosecuted here.

There was a considerable volume of evidence taken before the county board and preserved in a bill of exceptions, from a clear preponderance of which, as counsel for remonstrants contend, it is made to appear that the action of the county board was impolitic and unwise because the section line road is rough and hilly, requiring the expenditure of a large sum of public funds to render it passable, while the part of the road proposed to be vacated is comparatively level and smooth, so that travel thereon is more expeditious and heavier loads can be hauled over it than upon the former, even after it shall have received all practicable improvement. But we concur in the opinion of the learned judge of the district court, expressed in special findings and entered upon the record, that these are matters calling for the exercise of administrative rather than judicial discretion and are not the subject of review by the courts. The case before us illustrates the truth of this proposition so clearly as to amount to a demonstration and to obviate the necessity of extended argument or the citation of authority. No error of procedure is complained of or pointed out. If the district court had reversed the order sought to be reviewed it is not presumable that a different state of facts would have been made to appear upon a reexamination of the questions involved, so that the order of reversal would have had no practical force, unless it should have been accompanied by a mandate requiring the county

board to rescind its order and enter in lieu thereof one upholding the remonstrance and denying the petition, at least with respect to the vacation of the old road. No petition was needed for the opening of the statutory or section line road. There must be a finding that the public good requires such action, but, with respect to the order by the county board with reference to the utilization thereof there is no procedure subject to judicial review or in the course of which any error could have been committed; there being involved no claim by property owners for damages. *Barry v. Deloughrey*, 47 Neb. 354. It is, indeed, represented in the remonstrance and argued by counsel that certain objectors who are residents and property owners in the village of Shelton, and elsewhere in the county at varying distances from the vicinity of the proposed change in the route of travel, will suffer considerable indirect pecuniary damages on account of the diminution of their trade and the depreciation of the value of their lands which, it is alleged, will be occasioned by such change and consequent impairment of the highway. But no claims for any such damages were presented to the county board, or if any were so presented the action of the board thereon is not complained of in this proceeding. It will be seen, therefore, that an order of reversal, for the reason urged by plaintiffs in error, will be nothing more nor less than the assumption by the court of the ordinary functions of the county board with respect to the general administration of the road law. It is quite clear that neither the statute nor the constitution intended to confer any such power or duty upon the courts. On the contrary it is quite certain, both upon principle and authority, that the decision of the necessity or expediency of establishing, maintaining or vacating a public road is committed exclusively to county boards and other like legislative and governmental agencies, and is not subject to judicial review. *Butte County v. Boydston*, 11 Pac. (Cal.) 781; *Sherman v. Buick*, 32 Cal. 242; *Vedder v. Marion County*, 28 Or. 77, 36 Pac. 461; *Commissioners*

*Court v. Bowie,* 34 Ala. 461; *Tiedt v. Carstensen,* 61 Ia. 334; *Howard v. Board of Supervisors,* 54 Neb. 325.

It is therefore recommended that the judgment of the district court be affirmed.

EPPERSON, C., concurs.

OLDHAM, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.