JOSEPH THROENER ET AL., APPELLANTS, V. BOARD OF SUPERVISORS OF CUMING COUNTY ET AL., APPELLEES.

FILED OCTOBER 22, 1908.   No. 15,321.

1. Highways: ESTABLISHMENT: INJUNCTION.  A court of equity will not restrain the county board from considering or approving a petition for the establishment of a public road on the alleged grounds that public necessity does not require the road, or that the public would be best served by the establishment of roads upon section lines in the vicinity of the proposed road.

2. ———: ———: ———.  A landowner is furnished an adequate remedy at law to recover damages for the taking of his property for a public use.

3. ———: POWERS OF COUNTY BOARD.  A decision of a county board rejecting a petition for the establishment of a public road will not bar interested parties from later filing another petition therefor.

4. ———: REESTABLISHMENT.  The public cannot be deprived of its right to have a proposed public highway established because the officers have been negligent in not preserving one previously established along the same route.

5. ———: ———.  The fact that there are no funds available to pay damages and no tax levied therefor will not justify a court of equity in restraining a county board from considering and approving a petition for the establishing of a public road.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE.  *Affirmed.*

*T. M. Franse* and *J. C. Elliott,* for appellants.

*M. McLaughlin* and *P. M. Moodie, contra.*

Epperson, C.

Plaintiffs, who are the joint owners of a stock farm of 240 acres in Cuming county, filed their petition in the district court for an injunction against the board of supervisors to restrain said board from establishing a public road through their land, and from passing upon a petition for the establishment thereof. Other parties were made defendants but, as it is not alleged that they are threatening plaintiff with any wrong, no further mention of them will be made. The facts pleaded upon which plaintiffs assert their right to an injunction may be substantially stated as follows: Numerous petitions for the establishment of said proposed road have been heretofore filed, and during the last fifteen years at least five petitions therefor have been rejected by the board on the ground that public necessity did not require the road. That the order of the county board refusing to establish said road is *res judicata.* That the filing of numerous petitions for the establishment of such road has made the plaintiffs' opposition hereto burdensome and vexatious. That the county board has four times exercised the right of eminent domain in taking the lands of the plaintiffs for public roads, and have established three public roads parallel with the one now proposed, and have thereby exhausted their right under the law to take any portion of said lands. That the roads heretofore established were permitted to wash away and become useless through the negligence of the county board and the road overseers in not protecting them. That said proposed road is not necessary to the public convenience, for the reason that the opening of certain section lines described in the petition would be ample and sufficient. That the proposed road would cut the most valuable of plaintiffs' land diagonally in two, and destroy running water, rendering the land almost value-

less, and damaging the same to the extent of. at least $3,000. There are no road funds in the county or township treasuries, nor is there any levy of taxes or other provisions made by the said township board or the board of supervisors for the payment of damages. Plaintiffs failed to allege the absence of any jurisdictional facts necessary to invest the county board with jurisdiction to consider the application for the road. Demurrers to the petition were sustained, and judgment of dismissal entered, from which the plaintiffs appeal.

July 1, 1905, the application for the public road was filed, and, as it is alleged in the petition, the board appointed a committee of three to view said proposed road according to the provisions of chapter 123, laws 1905. Said committee made a majority and a minority report upon which no action was taken by the board, but, upon the filing of the same, the notice required by law was published. The fact that no action was taken upon the reports of the committee we consider immaterial. We find nothing in the statutes requiring the board to act upon the report of the committee appointed to consider the necessity of the road prior to the notice to interested parties to file remonstrances or claims for damages. This court cannot by injunction control the action of the county board on the ground that public necessity does not require the establishment of the proposed road, or that the public would be better served by the establishing of roads upon section lines in the vicinity of the proposed road. In *Howard v. Board of Supervisors*, 54 Neb. 443, it was held: "The propriety or necessity of opening and working a section line road is committed to the discretion of the county board, and its decision is not subject to review." In *Otto v. Conroy*, 76 Neb. 517, it was held that the action of the county board in their decision of the expediency of establishing a public road was not subject to judicial review. Although both cases cited apply the rule to public roads established upon section lines, the rule is equally applicable to any proposed road, and the courts

have no more right to interfere by injunction than by an appeal from the decision of the county board.

As to plaintiffs' complaint that the establishment of the road would be of considerable damage, we are equally helpless. The statutes provide an adequate remedy for the recovery of all damages which an owner of real estate sustains by the condemnation of his land for public use. It appears that the plaintiffs have been considerably annoyed heretofore upon numerous occasions wherein it was sought to establish the road now proposed, and that upon former occasions the county board has refused to establish the road on the ground that public necessity did not require it. We have looked in vain for authority holding that such a decision by an administrative body should be considered an adjudication to such an extent that interested citizens competent to petition would be barred from subsequently filing a similar petition asking for the establishment of the road. Public interests are constantly changing, and it is quite apparent that a public road might not be necessary at one time, but become so later, and it is for the county board to decide whether or not conditions have changed. The legislature has placed no restriction upon the number of petitions which may be filed for the establishment of a public road.

Neither do we consider the allegation regarding the former establishment of public roads paralleling the proposed road sufficient ground for the issuance of an injunction, especially in this case wherein it appears that the formerly established roads have become useless. It is alleged that they were rendered useless through the negligence of the county board and the road overseers. The negligence of these officers should not be permitted to stand in the way of further condemnation proceedings. The county board and the road overseers have no personal interest in the road. The public is the beneficiary, and, if entitled to the same, should have it established, although former officers were derelict in their duties in their failure to maintain previously established roads.

The fact that there are no road funds available to pay damages nor taxes levied for such purpose is not sufficient to justify an injunction restraining the county board from considering or allowing the application for the establishment of a road. It is quite true that the constitution will not permit the taking of property for public purposes without just compensation therefor, and, where property is taken for a public road, the funds must be in existence or taxes levied therefor before the property may be taken. Such has been the decision in many cases by this court. See *Hodges v. Board of Supervisors*, 49 Neb. 666, and cases cited. But an appropriation of the property is not affected by the decision of the county board that the road should be established. Indeed, it would be difficult in many instances for the proper officers to provide the necessary funds until the amount be first ascertained by the assessment of damages. Neither the constitution nor the statutes prohibit the consideration of such a petition by the board when there are no funds available or provided for. If the defendants in this case or other officers hereafter undertake to appropriate the plaintiff's property without first having provided funds to pay him whatever damages may be awarded, he will then have time to protect his interests. But, until an appropriation of the property is actually threatened, he cannot apply to a court of equity in contemplation that the officers will do him an injury.

The petition does not contain facts sufficient to entitle the plaintiffs to the relief sought, and we recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.