HENRY M. STONE ET AL., APPELLANTS, v. CITY OF NE-
BRASKA CITY ET AL., APPELLEES.

FILED JUNE 25, 1909.  No. 16,022.

Highways: VACATING: DISCRETION OF COUNTY BOARD.  "The decision of the necessity or expediency of establishing, maintaining or vacating a public road is committed exclusively to county boards and other like legislative and governmental agencies, and is not subject to judicial review."  *Otto v. Conroy*, 76 Neb. 517.

APPEAL from the district court for Otoe county: HAR-
VEY D. TRAVIS, JUDGE.  *Affirmed.*

*John C. Watson*, for appellants.

*D. W. Livingston, A. A. Bischof* and *O. G. Leidigh*,
contra.

LETTON, J.

This action was brought to restrain defendants from closing and vacating a public road.  The petition alleged, in substance, that a public county road had run in front of the tract of land belonging to the plaintiffs for more

than 30 years; that the buildings and structures upon
the property of plaintiffs had been erected with refer-
ence to the road; that the defendants threaten to vacate
and close said road; and that if this is done the means
of access to plaintiffs' premises will be much impaired,
and the value of their property greatly diminished in a
manner and to an extent not susceptible of admeasure-
ment in damages. The answer, in substance, admits the
intention to vacate the road, pleads that the subject
matter of the action is entirely within the jurisdiction
of the board of county commissioners, and not within
the jurisdiction of the district court, and further sets
forth a justification of the proposed action of the board
by reason of local circumstances. The court found gen-
erally for the defendants and dismissed the petition.

The proceedings of the board looking to the vacation
of the road are fully set forth in the petition, and it
appears that all the preliminary requirements have been
complied with sufficient to give the board jurisdiction
to act. The simple question is presented whether a court
of equity has power to control by injunction the dis-
cretion of the proper officers of a county in the estab-
lishment or vacation of public highways. This is not a
new question to this court. We are of the opinion that
the court has no such power, the jurisdiction or matter
of the establishment or vacation of county roads has
been committed by the legislature exclusively to the dis-
cretion of the proper officers of the county, and with this
discretion the courts cannot interfere. "The decision
of the necessity or expediency of establishing, maintain-
ing or vacating a public road is committed exclusively to
county boards and other like legislative and govern-
mental agencies, and is not subject to judicial review."
*Otto v. Conroy,* 76 Neb. 517, and cases cited. *Throener
v. Board of Supervisors,* 82 Neb. 453.

It may be true, as plaintiffs alleged, that the closing
of the highway will be a great disadvantage to them and
inflict an injury upon them greater than that suffered by

any other person, and more than to counterbalance the public advantage which may follow from the opening of a new road, but these matters are for the consideration of the county officers alone. It is their power and duty to consider the relative advantages and disadvantages to the public and to individuals of the proposed vacation. The law has conferred this power and duty solely upon them, and not upon the courts. It is only in cases where the county board has not acquired jurisdiction of the subject matter that a court of equity will interfere to prevent the opening or closing of a public highway. No case has been cited to us holding otherwise, nor do we believe that such a one can be found. In the case of *Letherman v. Hauser*, 77 Neb. 731, relied upon by the plaintiffs, the opinion shows that an essential jurisdictional fact which must affirmatively appear upon the record of the proceedings vacating the road did not appear, and that the record of the vacation proceedings was therefore fatally defective in failing to show any jurisdiction in the board to act. Of course, in such a case injunction would lie.

Under the facts shown in the present case, the district court properly held that the county board had jurisdiction to act, and that there was no equity in the bill. Its judgment therefore is

AFFIRMED.