CHARLOTTE S. CUMMINS, APPELLEE, v. SHERIDAN COUNTY
ET AL., APPELLANTS.

FILED FEBRUARY 27, 1914.   No. 17,630.

1. **Highways: PROCEEDINGS TO OPEN: INJUNCTION.** A public road across the plaintiff's land was duly vacated by the county commissioners upon condition that the plaintiff would pay to the county $25 and grant land for a road on another part of her land. The plaintiff complied with these conditions. Several years afterwards proceedings were begun to reopen the road formerly vacated. *Held,* That such proceedings could not be enjoined on the ground

that the county had not returned the $25 and restored the land granted by plaintiff.

2. ———: ———: DISCRETION OF COUNTY BOARD. Whether the opening of the road will be for the public benefit is within the reasonable discretion of the county commissioners to determine. If their proceedings are regular, and without fraud or oppression, and the landowner's damages are paid, the discretion of the commissioners in opening the road will not be interfered with by the courts.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Reversed and dismissed.*

*Alden C. Plantz* and *R. L. Wilhite,* for appellants.

*Albert W. Crites, contra.*

SEDGWICK, J.

Proceedings were begun before the county commissioners of the county of Sheridan to open a public road across a half section of the plaintiff's land. Upon contest and hearing the commissioners ordered the road opened. Appraisers were appointed to appraise the plaintiff's damages, and reported, appraising her damages at $600. Four days after this appraisement was returned the plaintiff began this action to enjoin further proceedings in the matter of opening and laying out the road. It appears that there had formerly been a road through the plaintiff's land on precisely the same location, and, upon proceedings duly instituted before the board of commissioners, the road had been vacated several years before these proceedings were begun. As a condition of vacating the road upon the plaintiff's request, the plaintiff was required to pay to the county the sum of $25 and to grant a piece of land 40 feet in width along the side of her tract of land for the purpose of a new road in place of the one so vacated. The county authorities made no offer to return the $25 nor to reconvey to the plaintiff the tract of land which she had granted for the new road. All of these facts appear in the pleadings, and upon motion of the plaintiff a decree was

entered upon the pleadings perpetually enjoining the defendants from proceeding further with the opening of the road.

As we understand the plaintiff, the ground upon which it is contended she is entitled to this injunction is that the $25 is not returned nor offered to be returned, and the tract of land which she has granted was not restored to her. This appears to be the ground upon which the court granted the decree. Of course the county authorities had no right to rescind the compromise upon which the road was formerly vacated. They could not require the plaintiff to receive a return of the grant of land or the money which had been paid by her. It may be that the commissioners considered that there was a public necessity for both roads, and if that is the case it was only necessary that they should properly ascertain and fully pay such damages as the plaintiff suffered by reason of opening the road across her land. This they were proceeding to do, and alleged in their answer that they have not ordered the road opened and have no intention of ordering it open until the plaintiff's damages are fully paid. We think the court was mistaken in enjoining the commissioners under these circumstances. The plaintiff will have full opportunity to be heard in regard to the damages suffered by reason of the opening of the road if the proceedings are persisted in, and also the right of appeal and trial by jury if insufficient damages are allowed her.

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.