LOUIS MLADY ET AL., APPELLANTS, V. KNOX COUNTY ET AL., APPELLEES.

FILED JULY 7, 1933. No. 28579.

*H. F. Barnhart* and *Richard Steele,* for appellants.

*Arthur L. Burbridge* and *W. A. Meserve, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and BEGLEY, LANDIS and MEYER, District Judges.

LANDIS, District Judge.

This is an action for an injunction to prevent the county of Knox from opening a road over the premises of the plaintiffs. From a decree denying the relief, plaintiffs appeal to this court.

The precise question appellants raise is that sections 39-153 to 39-157, inclusive, Comp. St. 1929, specify the only manner in which a road of necessity to isolated real estate can be opened or established by the county board.

Chapter 39, art. 1, Comp. St. 1929, provides for the establishment of public roads. Section 39-101, Comp. St. 1929, gives the power to the county board to establish roads as provided in article 1. One way is section 39-104: "Any person desiring the establishment * * * of a public road shall file in the clerk's office of the proper county a petition signed by at least ten electors residing within five miles of the road proposed to be established." Provisions are made as to how to proceed under this section.

Another way is by section 39-136: "Public roads may be established without the appointment of a commissioner (county surveyor), provided the written consent of all the owners of the land to be used for that purpose be first filed in the county clerk's office."

Also there is section 39-153: "When any person shall present to the county board of any county an affidavit satisfying them that he is the owner of real estate (describing the same) within said county, and that the same is shut out from all public highways, other than a waterway, by being surrounded on all sides by real estate belonging to other persons, or by such real estate and by water, that he is unable to purchase from any of said persons the right of way over or through the same to a public highway, or that it cannot be purchased except at an exorbitant price, stating the lowest price for which the same can be purchased by him, the county board shall appoint a time and place for hearing said matter, which

hearing shall be after ten days and within thirty days of the receipt of said affidavit." Section 39-155: "The county board shall then in their discretion proceed to lay out a public highway of not more than three nor less than two rods in width, to such real estate."

It was stipulated that appellees "have no other public highway leading out from their land except the road in question." The county surveyor's plat of the road, exhibit 1, shows that it starts near station 3 of road number 7 and ends on a half-section line. No affidavit, as provided by section 39-153, *supra,* was filed. Appellants concede that if the general road law applies this road was properly established thereunder. However, they contend that, since sections 39-153 to 39-157, *supra,* were enacted subsequent to the general road law, they provide the exclusive way to establish this road.

The intention and meaning of the legislature in enacting sections 39-153 to 39-157, inclusive, must primarily be determined from the language used. They are plain, unambiguous and convey a clear and definite meaning as to one way to get a public road to isolated real estate. These sections are not inconsistent with the general road law. Nothing appears in them which makes the way prescribed exclusive. To depart from the plain meaning and intent expressed by the words of sections 39-153 to 39-157, *supra,* and hold that they set out an exclusive way to get a road to isolated real estate would be to alter the statute, to legislate and not to interpret. These sections provide one way to establish a public road to isolated real estate but not the exclusive way.

The decision of necessity or expediency of establishing a public road is committed exclusively to county boards. Whether the opening of a road will be for the public benefit is within the reasonable discretion of the county board to determine. The authority so granted is administrative in its character and its exercise, when pursued within the limitations of the law, is not subject to judicial review.

*Otto v. Conroy*, 76 Neb. 517; *Throener v. Board of Supervisors of Cuming County*, 82 Neb. 453; *Stone v. City of Nebraska City*, 84 Neb. 789; *Cummins v. Sheridan County*, 95 Neb. 459.

The instant road was established under the general road law of the state by the county board of Knox county; every jurisdictional step provided by law was complied with and we find the same a valid public road. Hence, the decree of the trial court denying an injunction to the appellants is correct, and is

AFFIRMED.