LOUIS KOSMICKI ET AL., APPELLANTS, V. P. J. KOWALSKI ET AL., APPELLEES.

171 N. W. 2d 172

Filed October 3, 1969. No. 37178.

Dean R. Armstrong and Perry, Perry, Sweet & Witthoff, for appellants.

Norman E. Stephens, Baylor, Evnen, Baylor, Urbom & Curtiss, Dier & Ross, and Robert T. Grimit, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an appeal from a Sherman County district court order affirming an order of the county superintendent of schools of Sherman County, Nebraska, dissolving School District No. 16, a Class II district, and merging that territory in School District No. 1 of Sherman County, a Class III district.

On March 19, 1968, and March 21, 1968, petitions were signed by 100 percent of the members of the respective boards of education of School District No. 16 and School District No. 1 requesting the dissolution and attachment by the county superintendent. The petition by board members of School District No. 16 was signed at a special meeting on March 19, 1968, despite a vote not to merge by the majority of legal voters present at the meeting. In response to the school board petitions, the superintendent set a pubic hearing for May 17, 1968, and gave proper notice.

On April 26, 1968, a third petition was presented to the board of education of School District No. 16 requesting the board to call a special meeting on May 2, 1968, so that a vote could be taken by the legal voters present on a resolution directing the board members to withdraw their signatures from their petition requesting dissolution and attachment. No board member called the special meeting, but a meeting was held on May 2, 1968, and the above resolution was unanimously passed by the legal voters present at the meeting.

On May 17, 1968, the public hearing before the Sherman County superintendent was held upon the validity of the petitions signed by members of School Districts Nos. 16 and 1. At that time an order was entered dissolving School District No. 16 and attaching the territory to School District No. 1.

Appellants contend that the school board members of School District No. 16 had no authority to petition for merger because of the resolutions passed by a majority of legal voters present at purported special meetings against such a merger. They rely on section 79-508, R. R. S. 1943, which provides that: "The qualified voters of a district of the first or second class may also give such directions and make such provisions as they shall deem necessary in relation to the prosecution or defense of any proceeding in which the district may be a party or interested."

They argue that this statute gives the legal voters of School District No. 16 the right to prohibit the members of the school board from petitioning for merger. We do not agree.

In Languis v. De Boer, 181 Neb. 32, 146 N. W. 2d 750 (1966), the county superintendent of Lancaster County dissolved School District No. 155, a Class II district embracing the village of Panama, and merged it with School District No. 160, a Class III district. This was done in response to petitions by the school boards of the districts under section 79-402, R. S. Supp., 1965, the identical procedure followed here by the board of School District No. 16. The court stated that: "* * * in section 79-402, R. S. Supp., 1965, as we construe it, the Legislature has specifically authorized the school board or the board of education of certain school districts to petition for a change in boundaries. In this respect, we have often held that the state is supreme in the creation and control of school districts, and may, if it thinks proper, modify or withdraw any of their powers, or destroy such school districts without the consent of the legal voters or even over their protests." The court held, in Languis, that section 79-402, R. S. Supp., 1965, permitted the dissolution and merger even over the objections of legal voters.

Section 79-508, R. R. S. 1943, cannot be construed to refute this policy permitting the board of education to petition for a change in boundaries. Section 79-508, R. R. S. 1943, is intended to apply to actions by or against the school board and does not, in any way, imply that the Legislature intended to permit legal voters in a school district to supersede action of a school board authorized under section 79-402, R. S. Supp., 1967.

The Legislature has expressly given legal voters in Class I and Class II districts the right to designate or change a school site within their district, under section 79-504, R. R. S. 1943; to direct the purchasing or leasing of any appropriate site and the building, hiring, or pur-

chasing of a teacherage or schoolhouse; to determine the amount necessary to expend for such a purpose under section 79-506, R. R. S. 1943; to authorize a tax to establish a special fund for the erection or repair of a schoolhouse under section 79-506.01, R. R. S. 1943; and to authorize and direct the sale of any school land belonging to the district under section 79-507, R. R. S. 1943. It did not give the legal voters the express right to authorize or withhold authorization to dissolve and merge with another district and that right cannot be implied from section 79-508, R. R. S. 1943.

The appellants contend that the district court for Sherman County has jurisdiction to review by proceedings in error the order of the county superintendent of schools. The issue raised by this contention is whether section 79-402, R. S. Supp., 1967, which provides that "any person adversely affected by the changes made by the county superintendent may appeal to the district court of any county in which the real estate is located," requires the district court to review an administrative order which does not rest on any adjudicative fact. We hold that this provision for direct appeal is limited to an order which required the superintendent to act in a judicial manner.

In School Dist. No. 23 v. School Dist. No. 11, 181 Neb. 307, 148 N. W. 2d 301 (1967), this court reversed a district court's review of the superintendent's order in an error proceeding. The county superintendent had dissolved and attached one school district to another under section 79-408.01, R. R. S. 1943. This court found that: "In the present case the superintendent decided no dispute of adjudicative fact, and no statute required him to act in a judicial manner. Such orders are not reviewable by error proceedings, which are limited to orders made in the exercise of judicial functions. §§ 25-1901 and 25-1903, R. R. S. 1943; Longe v. County of Wayne, 175 Neb. 245, 121 N. W. 2d 196. In such circumstances collateral attack offers an adequate remedy. See, Bier-

man v. Campbell, 175 Neb. 877, 124 N. W. 2d 918; Elliott v. City of Auburn, 172 Neb. 515, 110 N. W. 2d 218 * * *." The county superintendent of Sherman County was required to determine only whether the signatures on the petition were valid under section 79-402, R. R. S. 1943, and accordingly had no dispute of adjudicative fact before her.

Appellants finally argue that the petitions were invalid under section 79-402, R. S. Supp., 1967, because the school board members of School District No. 16 did not produce evidence that there was an incorporated village within their district as required for a Class III district. The petition of School District No. 16 states affirmatively that the village of Ashton, Sherman County, Nebraska, is an incorporated village within School District No. 16. There is no evidence in the record to the contrary.

Appellants finally argue that since the petitions were signed by the individual school board members with no indication that they were signing as a school board, they have no effect. The petitions show on their face that they were signed by the members of the school boards in their official capacity pursuant to motions duly passed by the boards to approve the petitions for merger. Each petition states: "The undersigned, each a duly elected and qualified member of the Board of Education for School District * * * do hereby petition * * *."

The order of the district court for Sherman County is affirmed.

AFFIRMED.