JACQUELEN A. THOMAS, APPELLANT, V. LINCOLN PUBLIC SCHOOLS AND BOARD OF EDUCATION OF LINCOLN PUBLIC SCHOOLS, APPELLEES.

421 N.W.2d 8

Filed March 25, 1988.   No. 86-407.

Beverly Evans Grenier of Steven D. Burns, P.C., for appellant.

Edwin C. Perry of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Jacquelen A. Thomas, plaintiff-appellant, filed her "Amended Petition-In-Error" in the district court for Lancaster County on January 15, 1986. In that petition in error, plaintiff alleged that she was employed as a secretary to the superintendent of schools and to the board of education for the Lincoln Public Schools from 1967 to August 31, 1985; that on August 2, 1985, petitioner was given oral notice that her employment was to be terminated on September 1, 1985; that petitioner was first employed by written contracts, which terminated on August 31, 1969; and that contracts were extended yearly thereafter by "intent cards," the last of which had been accepted by her in May of 1985.

Petitioner in error further alleged in her amended petition that she was a classified employee under contract and, as such, governed by the terms and conditions of the "Personnel Policies and Regulations of the Lincoln Public Schools." Petitioner further alleged that "[a] grievance hearing was held before a grievance committee of the Board of Education" and that a decision was rendered by the full board adopting the recommendation of the committee to deny petitioner's grievance.

Petitioner further alleged that the decision of the respondents was in error and attached "[t]he decision of the Board of Education" and incorporated that decision in the amended petition by reference. The hearing before the board was reflected in nearly 40 pages of testimony.

Respondents, in the district court, filed an "Answer to

petitioner's Amended Petition-in-Error" denying most of the allegations of the petition.

In the district court, the district judge ordered "that the denial of the petitioner's grievance by the Board of Education . . . is affirmed."

In short, the pleadings presented a petition in error to the district court. Plaintiff so pled her case, and the case followed the normal progression of that procedure. We have followed the rule that "[o]rdinarily . . . we will dispose of a case on appeal on the theory on which it was presented in the lower court." *Lincoln Grain v. Coopers & Lybrand*, 216 Neb. 433, 438, 345 N.W.2d 300, 305 (1984). We treat this case, then, on appeal, as a petition in error filed in the district court.

Neb. Rev. Stat. § 25-1901 (Reissue 1985) sets out the basis for proceedings by way of a petition in error and provides: "A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court." Neb. Rev. Stat. § 25-1903 (Reissue 1985) provides: "The proceedings to obtain such reversal, vacation or modification shall be by petition entitled petition in error . . . ."

Neb. Rev. Stat. § 25-1902 (Reissue 1985) defines a "final order" thus: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment . . . is a final order which may be vacated, modified or reversed, as provided in this chapter."

Examination of the record before us leads to the conclusion that at no time, in this case, was the Lincoln Board of Education or the Lincoln Public Schools acting in a judicial capacity, nor could respondents, or either of them, enter an order which "in effect determines the action and prevents a judgment . . . ." It is true that a school board exercises certain "judicial functions" in connection with certificated employees under Neb. Rev. Stat. § 79-12,109 (Reissue 1987). Certificated employees, however, are defined in Neb. Rev. Stat. § 79-12,107 (Reissue 1987) as teachers or administrators. Petitioner does not allege she is a member of that class.

Further, petitioner does not allege, nor can we find, any

14

statutory authority permitting a school board to act as a tribunal exercising judicial functions with regard to its employees other than teachers and administrators. Nor can we determine that any order of a school board in connection with its regular employees, other than teachers and administrators, could be such an action as would prevent a judgment, as referred to in the definition of a final order in § 25-1902.

In a somewhat analogous case, we held in *School Dist. No. 23 v. School Dist. No. 11*, 181 Neb. 305, 308, 148 N.W.2d 301, 303-04 (1967), "In the present case the superintendent decided no dispute of adjudicative fact, and no statute required him to act in a judicial manner. Such orders are not reviewable by error proceedings, which are limited to orders made in the exercise of judicial functions." Where a board or officer decides no question of adjudicative fact and no statute requires the board or officer to act in a judicial manner, such board's or officer's orders are not reviewable by error proceedings.

In this case, the board of education was acting as an employer and was refusing to renew the employment contract of an employee. It was not exercising a judicial function. No statutory provision permits the board to exercise a judicial function in the case before us, and no board action could prevent the filing of an appropriate suit by the petitioner in error.

The judgment is reversed and the cause remanded with directions to dismiss the petition in error.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.