517 N.W.2d 113 (1994)
246 Neb. 138
Karen KROPP, Appellant and Cross-Appellee,
v.
GRAND ISLAND PUBLIC SCHOOL DISTRICT NO. 2, a Political Subdivision of the State of Nebraska, Appellee and Cross-Appellant.
No. S-92-977.
Supreme Court of Nebraska.
June 10, 1994.
*114 Scott J. Norby of McGuire and Norby, Lincoln, for appellant.
Gregory H. Perry of Perry, Guthery, Haase & Gessford, P.C., Lincoln, for appellee.
HASTINGS, C.J., and BOSLAUGH, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.
*115 PER CURIAM.
A teacher instituted error proceedings following the denial of her grievance by the school board. The district court affirmed the school board's action, and the teacher appealed. We reverse, and the cause is remanded with directions to dismiss the petition in error.
Karen Kropp is a teacher in the Grand Island Public Schools. The present dispute concerns her placement on past and present salary schedules. The salary schedules are part of a negotiated agreement between Grand Island Public School District No. 2 (school district) and the Grand Island Education Association.
In August 1987, Kropp received a master's degree. After receiving her degree, Kropp applied for an advancement on the salary schedule. In March 1988, Kropp's request was granted, and she advanced to the master's-level pay scale.
In September 1991, Kropp read a "taxpayer ad" in the newspaper, listing teachers and their salaries. Kropp noticed that another teacher with equal experience and less education was making more money than Kropp. After some investigation, Kropp determined that her 1988 placement had been incorrect. Kropp concluded that as a result of this error, her current placement on the schedule and her corresponding salary are lower than they should be.
Kropp instituted grievance proceedings requesting that her placement on the salary schedule be adjusted. Kropp sought and was granted a hearing before the grievance committee of the Grand Island school board (school board). The grievance committee found that Kropp was entitled to the requested adjustment in her placement. The school board, however, rejected the grievance committee's recommendation and denied Kropp's requested adjustment.
Kropp filed a petition in error in the district court, and the court affirmed the school board's decision. Kropp appealed, and the school district cross-appealed. Under our authority to regulate the caseload of the appellate courts of this state, we removed the matter to this court.
On appeal, Kropp asserts that the district court erred in finding that sufficient evidence existed to support the decision of the school board. On cross-appeal, the school district assigns three errors which together constitute an assertion that the district court erred in failing to dismiss the petition for lack of jurisdiction.
We begin with the jurisdictional question, as it takes logical precedence over Kropp's assignment of error. The school district argues that the district court did not have jurisdiction because the school board was not exercising a judicial function. We agree.
Petition-in-error jurisdiction is limited by statute to a review of "[a] judgment rendered or final order ... made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court." Neb.Rev.Stat. § 25-1901 (Reissue 1989). A board exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner. Thomas v. Lincoln Public Schools, 228 Neb. 11, 421 N.W.2d 8 (1988); Richardson v. Board of Education, 206 Neb. 18, 290 N.W.2d 803 (1980); Kosmicki v. Kowalski, 184 Neb. 639, 171 N.W.2d 172 (1969); School Dist. No. 23 v. School Dist. No. 11, 181 Neb. 305, 148 N.W.2d 301 (1967).
We first consider whether the board decided any dispute of adjudicative fact. "Adjudicative facts" are facts which relate to a specific party and are adduced from formal proof. Van Fossen v. Board of Governors, 228 Neb. 579, 423 N.W.2d 458 (1988); State v. Freeman, 440 P.2d 744 (Okla. 1968). Adjudicative facts pertain to questions of who did what, where, when, how, why, and with what motive or intent. Wood County Bank v. Camp, 348 F.Supp. 1321 (D.D.C.1972); People v. Forbush, 170 Mich. App. 294, 427 N.W.2d 622 (1988). They are roughly the kind of facts which would go to a jury in a jury case. Grason Elec. v. Sacramento Municipal Utility Dist., 571 F.Supp. 1504 (E.D.Cal.1983), rev'd on other grounds and remanded, 770 F.2d 833 (9th Cir.1985); Wood County Bank, supra.
In order for us to determine whether the school board decided a dispute of adjudicative *116 fact, we must examine Kropp's claim in greater detail. The school district's salary schedule contains columns which correspond to a teacher's level of education. For example, placement in the "MA-36" column would mean that a teacher had earned a master's degree plus 36 additional credit hours.
The columns on the salary schedule were changed between the 1986-87 agreement and the 1987-88 agreement. The 1986-87 agreement included the following sequence: BA-18, BA-45/MA. The 1987-88 agreement included the following sequence: BA-18, BA-36, MA. The 1987-88 agreement also provided that a certificated staff member, such as Kropp, could not advance more than one column in 1 fiscal year.
The parties agree that during 1986-87, Kropp was placed in the BA-18 column. The parties also agree that in March 1988, Kropp was placed in the MA column. The only real dispute is whether this 1988 placement was proper. To decide this dispute, the school board needed to interpret the contract.
It will be helpful to review some basic principles of contract interpretation. In setting out these principles, we emphasize that we are not considering the substance of the school board's decision; we are merely attempting to determine whether the school board decided any dispute of adjudicative fact.
In interpreting a contract, a court must first determine, as a matter of law, whether the contract is ambiguous. Murphy v. City of Lincoln, 245 Neb. 707, 515 N.W.2d 413 (1994); Plambeck v. Union Pacific R.R. Co., 244 Neb. 780, 509 N.W.2d 17 (1993). A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. Murphy, supra; Plambeck, supra. The meaning of an unambiguous contract is a question of law. Husen v. Husen, 241 Neb. 10, 487 N.W.2d 269 (1992); Spittler v. Nicola, 239 Neb. 972, 479 N.W.2d 803 (1992). In contrast, the meaning of an ambiguous contract is generally a question of fact. Plambeck, supra; Schwindt v. Dynamic Air, Inc., 243 Neb. 600, 501 N.W.2d 297 (1993).
Thus, in order to find that the school board decided a dispute of adjudicative fact, we would have to find that the contract was ambiguous and that the school board determined the meaning of the contract. This we cannot do, for the contract is not ambiguous. The contract plainly states that certificated employees cannot move more than one column per year.
At the hearing, the school administration did not claim that the one-column-per-year provision was ambiguous. Instead, through the testimony of Marvin D. Maurer, superintendent of the Grand Island public school system, the administration contended that the one-column-per-year rule did not apply when an employee changed degree levels, that is, went from a bachelor's degree to a master's degree. This contention, however, is merely an attempt to demonstrate the intent of the parties with respect to the contract. When a contract is unambiguous, the intentions of the parties must be determined from the contract itself. Properties Inv. Group v. Applied Communications, 242 Neb. 464, 495 N.W.2d 483 (1993); Husen, supra. A court is not free to rewrite a contract or to speculate as to terms of the contract which the parties have not seen fit to include. Metropolitan Life Ins. Co. v. Beaty, 242 Neb. 169, 493 N.W.2d 627 (1993); Rees v. Huffman, 222 Neb. 493, 384 N.W.2d 631 (1986).
The school board did not decide any dispute of adjudicative fact. The parties agreed as to Kropp's actual placements on the school district's salary schedule and the times those placements occurred. In deciding whether Kropp's placement was proper, the school board needed to apply the terms of the contract. Because the contract is unambiguous, the school board did not need to determine the factual question of the intent of the parties. In short, the school board determined solely questions of law.
We next consider whether any statute required the school board to act in a judicial manner. Kropp refers us to two statutes.
Kropp first cites Neb.Rev.Stat. § 48-816(2) (Reissue 1988), which provides, in pertinent part: "[P]ublic employers are *117 hereby authorized to recognize employee organizations for the purpose of negotiating collectively in the determination of and administration of grievances arising under the terms and conditions of employment...." This statute does not require public employers to act in a judicial manner when administering grievances. Insofar as the statute has any relevance to Kropp's claim, it authorizes public employers to recognize employee organizations for the purpose of collective bargaining in the administration of grievances. Cf. Kuhl v. Skinner, 245 Neb. 794, 515 N.W.2d 641 (1994). That is, if a grievance arises and the public employees seek collective bargaining, then the public employer is authorized to recognize employee organizations for the purpose of such collective bargaining.
Kropp next cites Neb.Rev.Stat. § 79-12,109 (Reissue 1987), which authorizes a superintendent to "take action with regard to a certificated employee's performance or conduct ... including: (1) Counseling; (2) oral reprimand; (3) written reprimand; and (4) suspension without pay for not to exceed thirty working days." Section 79-12,109 also specifies certain procedures which must be followed if a superintendent takes action under subdivisions (3) or (4) above. We have recognized that a school board exercises certain judicial functions under § 79-12,109. See Thomas v. Lincoln Public Schools, 228 Neb. 11, 421 N.W.2d 8 (1988).
Section 79-12,109 does not apply to Kropp's claim. This is not a teacher discipline case. The superintendent did not take action with regard to Kropp's performance or conduct; Kropp took action with regard to her pay, requesting a change in her placement on the salary schedule. The superintendent simply denied her request.
Neither of the two statutes cited by Kropp requires the school board to act in a judicial manner when hearing pay-scale grievances. We have not found any other statutes which would place such a requirement upon the school board.
The school board did not decide any dispute of adjudicative fact and was not statutorily required to act in a judicial manner. Therefore, the orders of the school board in this case are not reviewable by proceedings in error. The fact that Kropp's claim cannot be reviewed by a proceeding in error, we emphasize, does not prevent her from filing an appropriate action. Accord Thomas, supra.
We conclude that the district court lacked jurisdiction to hear Kropp's petition in error. In light of this conclusion, it is unnecessary to address Kropp's assignment of error. The judgment is reversed and the cause remanded with directions to dismiss the petition in error.
REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.
WHITE, J., participating on briefs.