758 N.W.2d 653 (2008)
17 Neb. App. 76
CAMP CLARKE RANCH, L.L.C., et al., appellees, and
Dwayne Nolte, appellant,
v.
MORRILL COUNTY BOARD OF COMMISSIONERS, appellee.
No. A-08-198.
Court of Appeals of Nebraska.
September 30, 2008.
*654 Thomas D. Oliver for appellant.
Jean Rhodes, Bridgeport, for appellee Morrill County Board of Commissioners.
SIEVERS, MOORE, and CASSEL, Judges.
*655 MOORE, Judge.

INTRODUCTION
Dwayne Nolte appeals from the order of the district court for Morrill County which dismissed the petition in error filed by Nolte and the other plaintiffs, following the decision of the Morrill County Board of Commissioners (the Board) to vacate a portion of a public road. Because we find that the action by the Board was not judicial in nature, we agree that the district court was without jurisdiction to hear the petition in error and we affirm. Pursuant to the authority granted to this court under Neb. Ct. R. App. P. § 2-111(B)(1), this case was ordered submitted without oral argument.

BACKGROUND
On December 12, 2006, the Board held a public hearing to "receive comments and objections relative to vacating" a portion of "public road RD98E." The hearing consisted of several local property owners giving their views on why the road should not be vacated. On January 23, 2007, the Board voted to vacate the portion of the public road in question. Nolte and other plaintiffs filed a petition in error on February 22, 2007 (incorrectly file stamped as "2006"), challenging the decision and resolution by the Board. The Board filed a motion to dismiss, which was granted by the district court in an order entered January 25, 2008. The district court found that the action of the Board was neither judicial nor quasi-judicial, citing to Sarpy Cty. Bd. of Comrs. v. Sarpy Cty. Land Reutil., 9 Neb.App. 552, 615 N.W.2d 490 (2000). Nolte filed a timely appeal.

ASSIGNMENTS OF ERROR
Nolte assigns several errors with respect to the granting of the motion to dismiss and the failure to reverse the decision of the Board to vacate the road due to insufficiency of the evidence.

STANDARD OF REVIEW
[1, 2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. Poppert v. Dicke, 275 Neb. 562, 747 N.W.2d 629 (2008). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. Id.

ANALYSIS
[3] The district court determined that it did not have jurisdiction over the petition in error because the Board was not exercising a judicial or quasi-judicial function in vacating the road.
A petition in error is a statutory creation which is limited to a review of a "judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court." Neb.Rev. Stat. § 25-1901 (Supp.2007).
The Board has been granted the power to alter or discontinue any road running through the county. See Neb.Rev.Stat. § 23-108 (Reissue 2007). The Board is vested with general supervision and control of public roads in the county, which includes abandonment of public roads. See Neb.Rev.Stat. § 39-1402 (Reissue 2004). Neb.Rev.Stat. § 39-1722 (Reissue 2004) provides the procedure when a board "deems the public interest may require vacation or abandonment of a public road," which procedure includes a study and report by the county highway superintendent or person designated to perform such a study. Neb.Rev.Stat. § 39-1725 (Reissue 2004) then provides that after a public hearing, the board shall by resolution "vacate or abandon or refuse vacation or *656 abandonment, as in the judgment of the board the public good may require."
The issue in the present case is whether the Board is acting in a judicial capacity. Nolte argues that §§ 39-1722 and 39-1725 require the Board to make findings of "public interest" and "public good," which he contends are adjudicative findings of fact, thereby rendering the action a judicial or quasi-judicial action.
In Sarpy Cty. Bd. of Comrs. v. Sarpy Cty. Land Reutil., supra, this court determined that the decision of the Sarpy County Land Reutilization Commission to sell a piece of property to a city rather than giving it to a governmental agency for public use or to open a bidding process was not an exercise of judicial function and therefore not subject to judicial review by a petition in error. Of significance in the Sarpy Cty. Bd. of Comrs. case was the fact that the statute in question allowed the commission to manage and sell property under its jurisdiction using its sole discretion.
[4, 5] It is only when an inferior board or tribunal acts judicially that a review by error proceedings is allowed. Hawkins v. City of Omaha, 261 Neb. 943, 627 N.W.2d 118 (2001). A board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner. Id. See, Kropp v. Grand Island Pub. Sch. Dist. No. 2, 246 Neb. 138, 517 N.W.2d 113 (1994); Sarpy Cty. Bd. of Comrs. v. Sarpy Cty. Land Reutil., 9 Neb.App. 552, 615 N.W.2d 490 (2000). "Adjudicative facts" are facts which relate to a specific party and are adduced from formal proof. Hawkins v. City of Omaha, supra. Adjudicative facts pertain to questions of who did what, where, when, how, why, and with what motive or intent. They are roughly the kind of facts which would go to a jury in a jury case. Id.
We conclude that in the present case, the Board did not decide a dispute of adjudicative fact, nor do the statutes require it to act in a judicial manner. As in the Sarpy Cty. Bd. of Comrs. case, while the Board in the instant case may need to look into facts to perform its duties in good faith, the discretion it exercises is not judicial in nature. Rather, the statutes in question allow the Board to act, in its discretion, using its judgment as to the public interest and public good.
This conclusion is supported by case law which, although rendered approximately a century ago, is still good law. See, Stone v. Nebraska City, 84 Neb. 789, 122 N.W. 63 (1909) (decision of necessity or expediency of establishing, maintaining, or vacating public road is committed exclusively to county boards and other like legislative and governmental agencies and is not subject to judicial review); Otto v. Conroy, 76 Neb. 517, 107 N.W. 752 (1906).
The action of the Board in vacating a portion of a public road within the county was not the exercise of a judicial function. As such, the district court did not have jurisdiction to hear the petition in error.

CONCLUSION
Because the Board was not exercising a judicial function in its determination to vacate the road in question, the district court properly dismissed the petition in error. We affirm.
AFFIRMED.