PEOPLE v FORBUSH

Docket No. 100325. Submitted May 4, 1988, at Lansing. Decided July 20, 1988.

Frederick L. Forbush testified at a grand jury investigation proceeding that John Welch had tried to get him involved in arranging the theft of automobile parts from a manufacturing plant and had told him that he could make $1,000 for each skid of parts he helped remove from the plant. At the conclusion of the grand jury proceeding, Welch was charged with embezzlement and attempted conspiracy to commit embezzlement. Forbush then testified at Welch's preliminary examination, denying that Welch had ever asked him if he wanted to make money by arranging the theft of automobile parts. The charge of attempted conspiracy to commit embezzlement was dismissed due to Forbush's testimony. Forbush was then charged in district court with perjury in a court proceeding. Defendant moved during his preliminary examination to quash the complaint and warrant on the basis that the charge stated ultimate facts or ultimate issues of law. The motion was denied and defendant was bound over to Tuscola Circuit Court for trial. Defendant moved to quash the information charging him with perjury on the basis that the preliminary examination proofs failed to establish the crime of perjury and because the perjury charges against him were based upon his testimony regarding ultimate facts and not adjudicative facts. The motion was denied. Following trial, defendant was convicted and sentenced, Martin E. Clements, J. Defendant appealed.

The Court of Appeals held:

1. The perjury charge against defendant was not based upon his false statements about ultimate facts. His statements denied the occurrence of actual events, pertaining to who did what, where, when, how, and with what motive or intent, and

REFERENCES

Am Jur 2d, Criminal Law §§ 129 et seq., 411 et seq..

Am Jur 2d, Perjury §§ 7, 22 et seq.

Am Jur 2d, Trial § 481 et seq.

Materiality of testimony forming basis of perjury charge as question for court or jury in state trial. 37 ALR4th 948.

so are adjudicative and not ultimate facts. There is no error
requiring reversal on this basis.

2. The district court did not abuse its discretion by binding
defendant over for trial. There was sufficient evidence indicat-
ing the falsity of defendant's testimony to bind him over for
trial, and the court could easily infer that defendant wilfully
testified falsely due to the extreme variance in his testimony.

3. The trial court did not err in denying defendant's motion
for a directed verdict based on the sufficiency of the evidence
adduced at trial. When the evidence is viewed in the light most
favorable to the prosecution, a rational trier of fact could have
found that the essential elements of perjury were proven
beyond a reasonable doubt.

Affirmed.

1. PERJURY — ULTIMATE FACTS — CONSTITUTIONAL LAW.

It is unconstitutional to base a perjury prosecution on a defen-
dant's false testimony regarding ultimate facts because such
prosecution will impermissibly discourage a criminal defendant
from his right to testify.

2. PERJURY — ULTIMATE FACTS — ADJUDICATIVE FACTS.

A distinction must be drawn between perjury as to basic adjudica-
tive facts and perjury as to issues of ultimate fact or law mixed
with fact; adjudicative facts pertain to who did what, where,
when, how, and with what motive or intent, while ultimate fact
questions concern the legal definitions and effects ascribed to
the basic facts, such as statements regarding the noncomission
of a crime charged or a legal element of the crime.

3. CRIMINAL LAW — PRELIMINARY EXAMINATION.

The purpose of a preliminary examination is to determine
whether a crime has been committed and if there is probable
cause to believe that the defendant committed it.

4. CRIMINAL LAW — PROBABLE CAUSE.

A finding of probable cause does not require proof beyond a
reasonable doubt, but there must be evidence from which each
element of the charged crime can be inferred.

5. CRIMINAL LAW — PRELIMINARY EXAMINATION — MAGISTRATES —
WITNESSES — CREDIBILITY.

An examining magistrate may weigh the credibility of witnesses
at a preliminary examination.

6. CRIMINAL LAW — PRELIMINARY EXAMINATION — MAGISTRATES —
EVIDENCE.

It is not the function of the magistrate to weigh the evidence

carefully and discharge the accused when the evidence conflicts or raises a reasonable doubt as to guilt; such questions are for the jury.

7. PERJURY — CRIMINAL LAW.

The elements of perjury are: (1) the administration to the defendant of an oath authorized by law, by competent authority; (2) an issue or cause to which facts sworn to are material; and (3) wilful false statements or testimony by the defendant regarding such facts.

8. CRIMINAL LAW — PRELIMINARY EXAMINATION.

A defendant must be bound over for trial where the preliminary examination evidence conflicts or raises a reasonable doubt regarding the defendant's guilt.

9. CRIMINAL LAW — INTENT — INFERENCES.

A defendant's intent may be inferred from his actions.

10. CRIMINAL LAW — MOTIONS AND ORDERS — DIRECTED VERDICT — ACQUITTAL.

A trial judge when ruling on a motion for a directed verdict of acquittal must consider the evidence presented by the prosecution up to the time the motion is made, view that evidence in a light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *William D. Bond,* Prosecuting Attorney, for the people.

*George C. Bush,* for defendant.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and C. JOBES,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of perjury committed in court, MCL 750.422; MSA 28.664, and was sentenced to three years probation with the first ninety days to be served in jail. He appeals as of right. We affirm.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

On September 25, 1985, a grand jury investigation was convened in order to investigate the theft of automobile parts from DAB Industries' Vassar Manufacturing Plant. At this proceeding, defendant testified that John Welch had told him how items had been stolen and removed from the Vassar plant and that Welch tried to get him involved in arranging the theft of automobile parts. Defendant further stated that Welch had told him that he could make $1,000 for each "skid" of parts he helped remove from the plant. Defendant testified that John Welch offered him a deal to steal parts and that Welch made the offer sound easy and very profitable. At the conclusion of the grand jury proceeding, John Welch was charged with embezzlement and attempted conspiracy to commit embezzlement.

On March 21, 1986, defendant testified under oath at John Welch's preliminary examination, denying that Welch had ever asked him if he wanted to make money by arranging the theft of automobile parts. He further testified that Welch never spoke with him regarding the removal of parts from the plant and that there was never a discussion between them regarding the theft of parts. Defendant denied knowledge of any theft of parts from the Vassar Manufacturing Plant. At the close of Welch's preliminary examination, the charge of attempted conspiracy to commit embezzlement was dismissed due to defendant's testimony.

Defendant was subsequently charged with perjury in a court proceeding. At defendant's preliminary examination, defense counsel moved to quash the complaint and warrant on the basis that the charge stated ultimate facts or ultimate issues of law. The district court initially took this motion under advisement. Both counsel then stipulated to

the introduction into evidence of the grand jury transcript and to the Welch preliminary examination transcripts, as well as to the fact that defendant was properly sworn in for the Welch preliminary examination.

The district court denied defendant's motion to quash and bound him over for trial. In its opinion, the district court stated that, because of the many inconsistencies between defendant's testimony before the grand jury and his testimony at the Welch preliminary examination, it found that a crime had been committed and that it was probable that defendant had committed it. The district court also stated that the truthfulness of the defendant's testimony was a question for the trier of fact.

Defendant moved in the circuit court to quash the information charging him with perjury on the basis that the preliminary examination proofs failed to establish the crime of perjury and because the perjury charges against him were based upon his testimony regarding ultimate facts and not adjudicative facts. The circuit court denied defendant's motion, holding that defendant's perjury charge related to his statements of adjudicative fact and that the district court did not abuse its discretion in binding him over for trial.

At trial, the district judge testified that if defendant's preliminary examination testimony had conformed to his grand jury testimony he would have bound John Welch over for trial for attempted conspiracy to embezzle.

Anthony Mok, personnel director at Vassar Manufacturing, testified that defendant had told him that someone offered him $1,000 per skid of parts for his cooperation in removing parts from the plant.

Larry Bergin, former comptroller of Vassar

Manufacturing, testified that defendant had told him that John Welch was removing parts from the plant.

Defendant's grand jury testimony was read into the trial record. A tape of his testimony from John Welch's preliminary examination was played for the jury.

Defendant subsequently moved for a directed verdict based on insufficiency of the evidence. The motion was denied.

On appeal, defendant first claims that the false statements attributed to him in the complaint, warrant, and information improperly encompassed ultimate facts instead of adjudicative facts. He contends that, since these could not form the basis of a perjury charge, his motions to quash should have been granted.

This Court has held that it is unconstitutional to base a perjury prosecution on a defendant's false testimony regarding ultimate facts because such prosecution will impermissibly discourage a criminal defendant from his right to testify. See *People v Longuemire,* 87 Mich App 395, 398; 275 NW2d 12 (1978). Ultimate fact questions concern the legal definitions and effects ascribed to the basic facts, such as statements regarding the noncommission of a crime charged or a legal element of the crime. *Id.,* p 398. A statement denying a legal conclusion drawn from the facts is a statement pertaining to an ultimate fact . *People v Buie,* 126 Mich App 39, 43; 337 NW2d 305 (1983). A statement pertaining to an ultimate fact does not deal with the occurrence of actual events, which are adjudicative facts. *Id.,* p 44. Adjudicative facts pertain to who did what, where, when, how, and with what motive or intent. *Longuemire, supra,* p 398.

The perjury charge against defendant was not

based upon his false statements about ultimate facts. Defendant's testimony at the Welch preliminary examination does not indicate that he made any statements making or denying any legal conclusions drawn from the facts. His testimony does not indicate that it was based on any legal conclusions at all. Rather, he testified that John Welch never spoke with him regarding the removal of parts from the plant, that Welch never offered him any money in return for his aid in stealing parts from the plant, and that he had no knowledge of any theft of parts from the plant. These are statements denying the occurrence of actual events, pertaining to who did what, where, when, how, and with what motive or intent, and so are adjudicative and not ultimate facts, *Longuemire, supra.* Accordingly, we find no error requiring reversal on this basis.

Defendant next claims that the district court abused its discretion by binding him over for trial. He asserts that the evidence presented was insufficient to indicate that he wilfully testified falsely at John Welch's preliminary examination.

The purpose of a preliminary examination is to determine whether a crime has been committed and if there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931; *People v King,* 412 Mich 145; 312 NW2d 629 (1981). Probable cause does not require proof beyond a reasonable doubt, but there must be evidence from which each element of the charged crime can be inferred. *People v Hammond,* 161 Mich App 719, 720-721; 411 NW2d 837 (1987). An examining magistrate may weigh the credibility of witnesses. *People v Coons,* 158 Mich App 735, 738; 405 NW2d 153 (1987), lv den 428 Mich 900 (1987). It is not the function of the magistrate to weigh the evidence carefully and discharge the accused

when the evidence conflicts or raises a reasonable doubt as to guilt, however. Such questions are for the jury. *Wayne Co Prosecutor v Recorder's Court Judge,* 92 Mich App 119, 122-123; 284 NW2d 507 (1979). This Court reviews the decision of the examining court for an abuse of discretion. *People v Dyer,* 157 Mich App 606, 608; 403 NW2d 84 (1986).

The elements of perjury are (1) the administration to the defendant of an oath authorized by law, by competent authority; (2) an issue or cause to which facts sworn to are material; and (3) wilful false statements or testimony by the defendant regarding such facts. *People v Hoag,* 113 Mich App 789, 797; 318 NW2d 579 (1982), lv den 417 Mich 896 (1983).

Transcripts of defendant's testimony from the grand jury proceeding and of his testimony at John Welch's preliminary examination were presented as evidence to the district court at defendant's own preliminary examination. As noted by the district and circuit courts, defendant's testimony at the Welch preliminary examination denied what defendant testified to before the grand jury. This is sufficient evidence indicating the falsity of defendant's testimony to bind defendant over for trial.

Defendant contends, however, that the prosecutor was required to prove the falsity of his testimony by strong corroborative evidence. While it is true that to sustain a perjury conviction the prosecutor must prove the falsity of the statement made by the defendant through strong corroborative evidence, *People v Cash,* 388 Mich 153, 162; 200 NW2d 83 (1972), a preliminary examination is not a trial, and a bindover is not a conviction. If preliminary examination evidence conflicts or raises a reasonable doubt regarding a defendant's

guilt, this question is properly left for the jury at trial, and bindover is still required. *Dyer, supra,* p 608.

Defendant additionally contends that the prosecutor failed to present evidence that he wilfully testified falsely. A defendant's intent may be inferred from his actions. *People v Ng,* 156 Mich App 779, 785; 402 NW2d 500 (1986). The transcripts presented at trial showed that defendant's preliminary examination testimony totally contradicted his previous grand jury testimony, denying any discussions with John Welch regarding stolen parts or any attempts by Welch to entice defendant into aiding Welch in the theft of automobile parts. Here, the district court could easily infer that defendant wilfully testified falsely due to the extreme variance in his testimony and did not abuse its discretion by binding defendant over for trial.

Defendant's final claim is that the trial court erred by denying his motion for directed verdict based on the sufficiency of the evidence adduced at trial. He contends that the prosecutor failed to establish that he wilfully made a false statement.

In *People v Petrella,* 424 Mich 221, 268; 380 NW2d 11 (1985), the Supreme Court addressed the standard of review applicable to a motion for directed verdict:

> The standard for reviewing a defense motion for a directed verdict based on insufficiency of the evidence in a criminal jury trial was set forth in *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), *cert den* 449 US 885 (1980). That standard, as stated by former Chief Justice COLEMAN, is:
>
> "In summary, the trial judge when ruling on a motion for a directed verdict of acquittal must consider the evidence presented by the prosecution up to the time the motion is made [*People v*

*Garcia,* 398 Mich 250; 247 NW2d 547 (1976)], view
that evidence in a light most favorable to the
prosecution, *People v Vail,* 393 Mich 460, 463; 227
NW2d 535 (1975), and determine whether a ra-
tional trier of fact could have found that the
essential elements of the crime were proven be-
yond a reasonable doubt. *Jackson* [*v Virginia,* 443
US 307, 319; 99 S Ct 2781; 61 L Ed 2d 560 (1979)].
[*Hampton, supra,* p 368.]"

Transcripts of defendant's testimony before the
grand jury and of his testimony at the Welch
preliminary examination were presented as evi-
dence at trial. Defendant testified before the grand
jury that John Welch told him how automobile
parts had been removed and stolen from the plant,
that Welch tried to get defendant involved in
arranging the theft of parts, and that Welch told
him that he could make $1,000 per skid of parts
he helped steal from the plant. The defendant
testified that Welch offered him a deal to help
steal parts and made the deal sound easy and
profitable.

However, defendant testified at John Welch's
preliminary examination that Welch never spoke
with him regarding the removal of parts from the
plant, that he and Welch never discussed the theft
of parts, that Welch never asked him if he wanted
to make money by arranging the theft of stolen
parts, and that he never had any knowledge of any
theft of parts from the Vassar plant.

Defendant's grand jury testimony was corrobo-
rated at trial by two other witnesses. Anthony
Mok testified that defendant told him that some-
one at the plant offered him $1,000 per skid of
parts for his cooperation in removing parts from
the plant. Larry Bergin testified that defendant
told him that John Welch was removing parts
from the plant.

When the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could have found that the essential elements of perjury were proven beyond a reasonable doubt, *Petrella, supra.*

Affirmed.