PEOPLE v HONEYMAN

Docket No. 167331. Submitted November 21, 1995, at Lansing. Decided March 12, 1996, at 9:00 A.M.

James L. Honeyman was convicted by a jury in the Eaton Circuit Court, G. Michael Hocking, J., of perjury. Two police officers each testified concerning separate interviews of the defendant while he was in custody in jail on an unrelated charge, and at each interview the defendant had indicated that Peter Gonzalez had admitted to him involvement in a breaking and entering. At the preliminary examination of Gonzalez for the breaking and entering charge that had been brought on the basis of the information elicited during those interviews, the defendant denied having discussed Gonzalez' involvement in any breaking and entering, and, as a result, the charge against Gonzalez was dismissed. The defendant appealed.

The Court of Appeals *held:*

1. There was sufficient evidence of perjury to support the binding over and conviction of the defendant. The evidence clearly established that the defendant's testimony at Gonzalez' preliminary examination was given after he had been administered an authorized oath by a competent authority. It was also clearly shown that the defendant's testimony at that preliminary examination resulted in the dismissal of the charge against Gonzalez, thus making the facts sworn to by the defendant material to that proceeding. The testimony of the police officer who conducted the second interview that the defendant had told him details of the method used and of the items taken in the breaking and entering that were consistent with the findings of the police, coupled with the testimony that the defendant had indicated to Gonzalez not to worry, was sufficient to corroborate the falsity of the statement made by the defendant under oath. Accordingly, there was sufficient evidence presented for a reasonable factfinder to find all the elements of perjury beyond a reasonable doubt.

2. Testimony concerning the statements made by the defend-

REFERENCES
Am Jur 2d, Criminal Law §§ 793, 794; Perjury § 7.
See ALR Index under Investigations and Interrogations; Perjury.

ant in the second of the interviews was not inadmissible by reason of the fact that he had not been given his *Miranda* warnings before being interviewed. Because the defendant was interrogated concerning only his knowledge of Gonzalez' involvement in a crime for which the defendant was not a suspect, there was no custodial interrogation, and, accordingly, there was no need to precede the interrogation with the *Miranda* warnings.

3. The trial court did not abuse its discretion in determining that the second statement to the police had not been made in reliance on any promise of a plea bargain.

4. The trial court did not abuse its discretion in imposing a sentence of five to fifteen years. The sentence was proportionate to the seriousness of the circumstances surrounding the offense and the offender.

Affirmed.

1. PERJURY — CRIMINAL LAW.

The elements of perjury are: the administration to the defendant of an oath authorized by law, by competent authority; an issue or cause to which facts sworn to are material; and wilful false statements or testimony by the defendant regarding such facts.

2. CONSTITUTIONAL LAW — CUSTODIAL INTERROGATION — *MIRANDA* WARNINGS.

The questioning of a prisoner regarding the prisoner's knowledge of a third party's involvement in a crime for which the prisoner is not a suspect is not custodial interrogation within the meaning of *Miranda v Arizona*, 384 US 436 (1966), even though such questioning elicits responses that subsequently are incriminating in the prisoner's perjury trial.

3. CONSTITUTIONAL LAW — CUSTODIAL INTERROGATION.

For a custodial interrogation to implicate *Miranda v Arizona*, 384 US 436 (1966), it is necessary, not only that there be custody and interrogation, but also that there be some nexus between the custody and the interrogation.

4. CONSTITUTIONAL LAW — CUSTODIAL INTERROGATION.

Under *Miranda v Arizona*, 384 US 436 (1966), interrogation extends only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jeffrey L. Sauter,* Prose-

cuting Attorney, and *Hope E. Freeman,* Assistant Prosecuting Attorney, for the people.

*James Bonfiglio,* for the defendant.

Before: MARKMAN, P.J., and CORRIGAN and J. D. PAYANT,* JJ.

MARKMAN, P.J. Defendant appeals as of right his jury trial conviction of one count of perjury, MCL 750.422; MSA 28.664. He was sentenced to five to fifteen years' imprisonment. While incarcerated as a result of an unrelated charge, defendant spoke with a police officer and implicated an acquaintance, Peter Gonzalez, in a breaking and entering incident. The present perjury conviction arises out of his denial under oath at Gonzalez' preliminary examination that he spoke with the officer about Gonzalez' involvement in the breaking and entering. We affirm.

In February 1992, defendant was incarcerated in the Eaton County Jail. A detective investigating several breaking and entering incidents at a restaurant interviewed defendant at the jail. During this interview, defendant told the detective that he knew who was responsible for a different breaking and entering but indicated that he wanted a deal for himself. The detective told defendant that he was not in a position to make any deals but that he would discuss the possibility with the prosecutor. Defendant told the detective that Gonzalez and another person were responsible for the breaking and entering of an insurance agency. He claimed that Gonzalez told him that he had committed it. The detective went to the prosecutor's office as promised but was informed that no deal was possible.

* Circuit judge, sitting on the Court of Appeals by assignment.

The detective gave this information to Lieutenant Southwell of the Grand Ledge Police Department, who was investigating the insurance agency breaking and entering. Southwell also interviewed defendant at the jail. Defendant requested a deal, but Southwell informed him that he was not in a position to make a deal. Defendant then told Southwell that Gonzalez had told him that he had committed a breaking and entering at an insurance agency in Grand Ledge. Defendant told Southwell that he would be willing to testify in court concerning the information. Southwell took this information to the prosecutor's office and obtained a warrant for Gonzalez.

Defendant was the only witness at Gonzalez' preliminary examination. Under oath, he denied having discussed Gonzalez' involvement in a breaking and entering with Southwell. As a result of this denial, the charge against Gonzalez was dismissed.

Defendant was charged with perjury. At his trial, defendant testified that he had been interviewed by the detective and Southwell, that he knew about a breaking and entering at an insurance company, and that he "knew in his gut" that Gonzalez had committed it but could not remember who told him so. He testified that he did not remember having a conversation with Southwell about the breaking and entering. He contended that he told the truth at Gonzalez' preliminary examination and that he never told Southwell that Gonzalez had told him that he had committed the breaking and entering. The jury found him guilty of perjury.

On appeal, defendant first argues that insufficient evidence of perjury was presented to bind him over for trial, to deny his motion to quash the information, to convict him of perjury, and to deny

his motion for a directed verdict. He contends that the prosecutor failed to produce independent corroborating evidence of the falsity of his statement. He also claims that the specific statement at issue, his denial that he spoke with Southwell about Gonzalez' involvement in the breaking and entering, was immaterial to Gonzalez' guilt or innocence of that charge.

This Court reviews a district court's decision to bind over a defendant for an abuse of discretion. *People v Fiedler,* 194 Mich App 682, 692-693; 487 NW2d 831 (1992). To review a circuit court's decision with respect to a motion to quash an information, this Court determines if the district court abused its discretion in binding over the defendant. *Id.* at 693. In reviewing claims of insufficiency of the evidence to sustain a verdict, this Court views the evidence in the light most favorable to the prosecution to determine if a rational factfinder could find the essential elements of the crime proved beyond a reasonable doubt. *People v Reddick,* 187 Mich App 547, 551; 468 NW2d 278 (1991).

In *People v Forbush,* 170 Mich App 294, 301; 427 NW2d 622 (1988), this Court set forth the elements of perjury:

(1) the administration to the defendant of an oath authorized by law, by competent authority; (2) an issue or cause to which facts sworn to are material; and (3) wilful false statements or testimony by the defendant regarding such facts.

Here, the statement at issue was defendant's denial, during Gonzalez' preliminary examination, that he had told Southwell that Gonzalez admitted committing the breaking and entering. This testimony in a preliminary examination was clearly a

statement given under oath. Therefore, sufficient evidence was submitted at both the preliminary examination and the trial to establish the first element of perjury beyond a reasonable doubt.

For purposes of a perjury charge, a materially false statement is one that "could have affected the course or outcome of the proceeding." *People v Jeske*, 128 Mich App 596, 603; 341 NW2d 778 (1983). Here, evidence was submitted at both the preliminary examination and the trial that the breaking and entering charge against Gonzalez was dismissed immediately following defendant's testimony at Gonzalez' preliminary examination. The statement at issue was not simply a denial that defendant talked with Southwell but a denial that he told Southwell that Gonzalez admitted committing the breaking and entering. This statement was material to Gonzalez' guilt or innocence of that charge and affected the outcome of that proceeding. Therefore, sufficient evidence was submitted at both the preliminary examination and the trial to establish the second element of perjury beyond a reasonable doubt.

In connection with the third perjury element, the prosecutor must prove the falsity of the defendant's statement through strong corroborative evidence. *Forbush, supra* at 301. However, "a preliminary examination is not a trial, and a bindover is not a conviction." *Id.* Where preliminary examination evidence conflicts or raises a reasonable doubt regarding the defendant's guilt, the question is properly left to the jury at trial and bindover is required. *Id.* at 301-302.

Here, the prosecution presented evidence at both the preliminary examination and the trial regarding the falsity of defendant's denial that he told Southwell that Gonzalez admitted committing the breaking and entering. The detective and South-

well both testified that defendant told them that Gonzalez admitted committing the breaking and entering. Southwell testified that defendant told him details about the method of entry and items taken that were consistent with his investigation of the breaking and entering. Southwell testified that he sought a warrant against Gonzalez on the basis of defendant's information and his investigation findings. Southwell also testified that he saw defendant mouth the words "Don't worry" to Gonzalez as he was escorted in to testify at Gonzalez' preliminary examination. This evidence supported the truth of defendant's statements during the interview with Southwell and the falsity of his testimony at Gonzalez' preliminary examination. Accordingly, sufficient evidence corroborating the falsity of the statement at issue was submitted at both the preliminary examination and the trial to establish the third element of perjury beyond a reasonable doubt.

Therefore, there was sufficient evidence for a reasonable factfinder to find all the elements of perjury established beyond a reasonable doubt. The trial court accordingly did not err in denying defendant's motion for a directed verdict. Further, on the basis of this evidence, we find no abuse of discretion in the district court's bindover of defendant or the trial court's denial of defendant's motion to quash the information.

Defendant next contends that his statements to Southwell while in jail were inadmissible because they were obtained in violation of his *Miranda* rights. Defendant contends that he was incarcerated during the interview with Southwell and that he was not advised of his *Miranda* rights.

In *People v Schollaert,* 194 Mich App 158, 164; 486 NW2d 312 (1992), this Court held:

The Fifth Amendment and Const 1963, art 1, § 17 provide that no person shall be compelled to be a witness against himself in a criminal trial. The Fifth Amendment privilege has been extended beyond criminal trial proceedings "to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves." *Miranda v Arizona,* 384 US 436, 467; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

The relevant inquiry for determining whether *Miranda* warnings are required is whether the person was "subjected to police interrogation while in custody or deprived of his freedom of action in a significant way." *Schollaert, supra* at 165. The principal rationale of the requirement that *Miranda* warnings be given is to guard against the possibility that government agents might compel an individual to make self-incriminating statements while in custody. See *People v Hill,* 429 Mich 382, 394; 415 NW2d 193 (1987).

Here, defendant was in jail on an unrelated matter at the time of the interview with Southwell. Thus, he was clearly in "custody." Further, he was clearly subjected to "interrogation" in the sense that he was interviewed by police during such custody.

However, this is not the type of "custodial interrogation," 384 US 482, toward which *Miranda* is directed. The "inherently compelling" atmosphere upon which *Miranda* was premised, 384 US 467, does not obtain in the circumstances of this case. In addition to the elements of "custody" and "interrogation," there must be some nexus between these elements in order for *Miranda* to apply. Here, defendant's custody was unconnected with the interrogation, the breaking and entering being investigated, and, of course, the eventual perjury

charges. This case differs considerably from the typical situation in which *Miranda* rights are implicated—when a suspect is taken into, or maintained in, custody for the purpose of interrogating him regarding his involvement in a crime. Unlike the typical situation, here defendant was not taken into, or maintained in, custody to facilitate his interrogation. That the interrogation occurred while defendant was in custody was happenstance.

Under *Miranda,* interrogation extends only to " 'words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response.' " *People v Cuellar,* 107 Mich App 491, 493; 310 NW2d 12 (1981), quoting *Rhode Island v Innis,* 446 US 291, 302; 100 S Ct 1682; 64 L Ed 2d 297 (1980). Southwell testified that he interrogated defendant on the basis of the other detective's representation that defendant had information about Gonzalez' involvement in the breaking and entering. The detective informed Southwell of the substance of defendant's assertions before Southwell interviewed him. Southwell testified that defendant himself was never a suspect in that breaking and entering. For these reasons, Southwell had no reason to believe that the interrogation of defendant would elicit self-incriminating responses from defendant—nor did it elicit such responses in connection with the breaking and entering. The interrogation therefore did not implicate the privilege against compelled self-incrimination. Supplying the *Miranda* warnings in this case would have served no precautionary purpose in upholding the guarantees of the Fifth Amendment and Const 1963, art 1, § 17. 384 US 490. Because defendant, a prisoner in a county jail for an unrelated crime, was not a suspect in a crime and was only interrogated regarding his knowledge of a third party's

involvement in a crime, we find that the interrogation did not constitute a "custodial interrogation" requiring the *Miranda* warnings. Therefore, the trial court did not err in admitting the evidence relating to defendant's assertions during the interview with Southwell over defendant's objection that no *Miranda* warnings were given.[1]

Defendant also contends that the statements he made during the interview were inadmissible because they were made in an attempt to enter into a plea bargain. This Court reviews trial court determinations regarding the admissibility of evidence for an abuse of discretion. *People v Davis,* 199 Mich App 502, 517; 503 NW2d 457 (1993). Defendant relies on *People v Jones,* 416 Mich 354; 331 NW2d 406 (1982), for the proposition that statements made in an attempt to negotiate a plea bargain are inadmissible. In *Jones,* the defendant's conviction was based in part on a confession made pursuant to a plea bargain that the defendant later refused to carry out. In *Jones,* a majority of the Court reversed a first-degree murder conviction, but no opinion represented a majority of the Court. Justice KAVANAGH, joined by Justices WILLIAMS and LEVIN, discussed the unreliability of confessions of guilt made under the pressure and inducement of a plea bargain and concluded that statements made in connection with a defendant's offer or agreement to plead guilty should be inadmissible at a subsequent trial. Here, however, defendant made no confession in the interview; he only made assertions regarding a third party's involvement in a breaking and entering. Because the present matter involved no confession, *Jones* is

---

[1] In an August 13, 1992, opinion, the district court similarly determined that no *Miranda* warnings were required because defendant was not interviewed for the purposes of obtaining incriminating statements about himself and, in fact, made no such statements.

inapplicable. Further, Southwell testified that he specifically informed defendant that he was not in a position to make any deals and that defendant nonetheless agreed to talk with him. Thus, defendant's assertions during the interview were not in reliance on any promise of a plea bargain. Accordingly, the trial court did not abuse its discretion in admitting evidence of defendant's statements during the interview.

Finally, defendant argues that his minimum sentence of five years' imprisonment was disproportionate. This Court reviews sentences for an abuse of discretion. *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990). The principle of proportionality requires that sentences be proportionate to the "seriousness of the circumstances surrounding the offense and the offender." *Id.* There are no sentencing guidelines for the crime of perjury. MCL 750.422; MSA 28.664 provides for a maximum prison term of fifteen years for perjury committed in a trial for a noncapital crime. Here, the perjury at issue occurred in a preliminary examination for breaking and entering. Defendant was sentenced to a term of five to fifteen years. In ordering this sentence, the trial court considered defendant's criminal background and stated that defendant had four prior criminal convictions. It noted defendant's attitude: that he had thumbed his nose at the system and dared the prosecutor to bring perjury charges against him. The court also considered the seriousness of the offense. It stated that a witness' oath is the "lynch pin that holds this whole system together" and concluded that if this oath is violated, nothing can make the system work correctly. In the context of the seriousness of perjury, the court noted the importance of deterring defendant and others by the sentence imposed here. The trial court reason-

ably considered defendant's criminal history and the seriousness of the offense in imposing its sentence. We find no abuse of discretion in the sentence imposed.

For these reasons, we affirm the judgment of sentence.

Affirmed.