EWALD GRIESS ET AL., APPELLANTS, V. CLAY COUNTY BOARD OF SUPERVISORS, APPELLEE, AND CURTIS O. GRIESS & SONS, INC., INTERVENOR-APPELLEE.

662 N.W.2d 638

Filed June 10, 2003.   No. A-01-1207.

Patricia A. Knapp for appellants.

Charles W. Campbell, of Angle, Murphy, Valentino & Campbell, P.C., for appellee.

Stephen D. Mossman and Jacqueline M. Tessendorf, of Mattson, Ricketts, Davies, Stewart & Calkins, for intervenor-appellee.

HANNON, SIEVERS, and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Ewald Griess, Waldine Nuss, and Ruben Hoffman (referred to collectively as "the petitioners") appeal the decision of the Clay County District Court dismissing their petition in error for lack of standing. For the reasons set forth herein, we dismiss this appeal for lack of jurisdiction.

## STATEMENT OF FACTS

On December 12, 2000, the Clay County Board of Supervisors (the Board) issued zoning permits Nos. 2097, 2098, and 2099 to Curtis O. Griess & Sons, Inc. (Griess & Sons). Permit No. 2097 authorized the construction of four building sites consisting of a total of eight parallel buildings housing 58,360 swine on the subject property. Permit No. 2098 authorized the construction of one building site consisting of two parallel buildings housing 14,590 swine. Permit No. 2099 authorized the construction of one building site consisting of two parallel buildings housing 14,590 swine. Although no appeal was taken from the issuance of these permits,

following opposition from the petitioners and others, Griess & Sons entered into an agreement with the Board regarding the zoning permits granted.

On April 10, 2001, at a public hearing held pursuant to notice and pursuant to the agreement with Griess & Sons, the Board canceled permit No. 2097 and entered into another agreement with Griess & Sons which is identified as zoning permit No. 2097A. The issuance of permit No. 2097A reduced the number of building sites that had been previously authorized under permit No. 2097 from four with a total of eight buildings to one with a total of two buildings and reduced the maximum number of swine permitted from 58,360 to 14,590. The agreement also allowed the Board to cancel permit No. 2099, and the Board agreed not to revoke permit No. 2098 for any conditions known to the Board at the time of entry into the agreement.

On May 8, 2001, the petitioners filed a petition in error challenging the Board's issuance of permit No. 2097A. The petition in error alleged that the petitioners were all resident taxpayers and owners of real estate in Clay County, Nebraska. The petitioners contended that the Board lacked the power to grant a special exception to its zoning regulations for the proposed operation and asked the district court to declare the permit invalid.

A hearing was held on August 16, 2001. The evidence adduced at the hearing consisted of the county's zoning regulations, a transcript of the proceedings that had been held before the Board, and a supplemental transcript of the proceedings that had been held before the Board. We note for the purpose of our review that exhibits 1 (the zoning regulations) and 2 (the non-supplemental transcript of proceedings before the Board) were received without objection.

On October 5, 2001, the district court entered an order finding that the petitioners failed to plead and prove standing to bring the petition in error and dismissed the petition in error. The petitioners have timely appealed to this court.

## ASSIGNMENT OF ERROR

On appeal, the petitioners contend that the district court erred in finding that the petitioners lacked standing to bring this action.

## STANDARD OF REVIEW

Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court. *Cotton v. Steele*, 255 Neb. 892, 587 N.W.2d 693 (1999); *Hawkes v. Lewis*, 255 Neb. 447, 586 N.W.2d 430 (1998); *Sarpy Cty. Bd. of Comrs. v. Sarpy Cty. Land Reutil.*, 9 Neb. App. 552, 615 N.W.2d 490 (2000). Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *Cotton, supra*; *Hawkes, supra*; *Sarpy Cty. Bd. of Comrs., supra*.

## ANALYSIS

On appeal, the petitioners contend that the district court erred in finding that they lacked standing to bring this action. The petitioners contend that standing is granted by Neb. Rev. Stat. § 23-114.05 (Cum. Supp. 2002) and that they proved compliance with the statute sufficient to establish standing.

Section 23-114.05 pertains to county zoning law and provides in relevant part:

> In addition to other remedies, the county board or the proper local authorities of the county, *as well as any owner or owners of real estate within the district affected by the regulations*, may institute any appropriate action or proceedings to prevent such unlawful construction, erection, reconstruction, alteration, repair, conversion, maintenance, or use, to restrain, correct, or abate such violation, or to prevent the illegal act, conduct, business, or use in or about such premises. *Any taxpayer or taxpayers of the county may institute proceedings to compel specific performance* by the proper official or officials of any duty imposed by such sections or in resolutions adopted pursuant to such sections.

(Emphasis supplied.)

The first sentence of § 23-114.05 quoted above provides that "[i]n addition to other remedies, the county board or the proper local authorities of the county, as well as any owner or owners of real estate within the district affected by the regulations, may institute any appropriate action or proceedings . . . ." In the instant case, § 5 of the zoning regulations (exhibit 1) establishes

that there are five zoning districts within Clay County. Griess & Sons' applications set forth that the zoning district in which the subject property is located is designated for general agriculture. The petitioners did not plead or prove that they own real estate within that general agriculture zoning district. Therefore, the petitioners have failed to allege or prove facts establishing that they come within the ambit of § 23-114.05.

■ Additionally, the second sentence of § 23-114.05 quoted above provides that any taxpayer or taxpayers of a county may institute proceedings to compel specific performance. In the instant case, the petitioners claim that their petition in error sought to compel specific performance by the Board. However, the function of a petition in error is limited by statute. Neb. Rev. Stat. § 25-1903 (Reissue 1995) provides in part:

> The proceedings to obtain such reversal, vacation or modification shall be by petition entitled petition in error, filed in a court having power to make such reversal, vacation or modification, setting forth the errors complained of, and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action.

Since a request for specific performance is outside the scope of a petition in error, the second sentence of § 23-114.05 quoted above does not provide the petitioners with standing.

■ Furthermore, the petitioners have failed to establish common-law standing. Before one is entitled to invoke a tribunal's jurisdiction, one must have standing to sue, which involves having some real interest in the cause of action; in other words, to have standing to sue, one must have some legal or equitable right, title, or interest in the subject matter of the controversy. *Metropolitan Utilities Dist. v. Twin Platte NRD*, 250 Neb. 442, 550 N.W.2d 907 (1996). The purpose of a standing inquiry is to determine whether one has a legally protectable interest or right in the controversy that would benefit by the relief to be granted. *Id.*

The petitioners did not plead that they had any specific property interest other than being resident taxpayers and owners of real estate in Clay County. Neither did they allege that they have a legal or equitable title or right to real estate that is affected by the zoning permits issued to Griess & Sons. Nor did

the petitioners allege that they would suffer any damages or injury (and much less identify the damages or injury) if Griess & Sons were to construct the facility pursuant to such permits. Therefore, the petitioners have failed to establish that they have common-law standing to bring this action.

### CONCLUSION

In sum, the petitioners' reliance upon § 23-114.05 to establish standing has been misplaced, and they have likewise failed to prove that they have common-law standing to bring the instant action. Because the petitioners lack standing to bring this action, this appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.