STATE OF NEBRASKA, APPELLANT, V.
KENNETH S. JOHNSON, APPELLEE.
669 N.W.2d 474

Filed September 30, 2003.   No. A-02-1292.

Tricia Freeman, Chief Deputy Sarpy County Attorney, and Jennifer Miralles, Senior Certified Law Student, for appellant.

Gregory A. Pivovar for appellee.

HANNON and INBODY, Judges, and BUCKLEY, District Judge, Retired.

BUCKLEY, District Judge, Retired.

## INTRODUCTION

The State of Nebraska appeals after a jury verdict finding Kenneth S. Johnson guilty of criminally attempted escape and third degree assault. The State does not appeal the jury's verdict. Rather, the State takes exception to the trial court's ruling that the State lacked standing to challenge Johnson's use of peremptory challenges based on gender during jury selection. For the reasons set forth below, we sustain the State's exception.

## BACKGROUND

The State charged Johnson with five counts arising out of an incident which occurred on December 23, 2001: first degree sexual assault, criminally attempted escape, resisting arrest, obstructing a peace officer, and third degree assault.

During the jury selection process, Johnson's counsel used all six of his statutorily permitted peremptory challenges to strike females from the jury. Outside the jury's presence, the State made a challenge to Johnson's peremptory strikes under *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), contending that Johnson could not strike jurors on the basis of their gender.

The trial court did not hold a hearing as to the rationale behind Johnson's peremptory strikes. Rather, the court stated that the State lacked standing to bring a *Batson* challenge.

The trial was then held, and the jury acquitted Johnson of first degree sexual assault. The jury convicted Johnson of criminally attempted escape and third degree assault, while the charges of resisting arrest and obstructing a peace officer were dismissed.

The State appeals.

## STANDARD OF REVIEW

Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court. *Hawkes v. Lewis*, 255 Neb. 447, 586 N.W.2d 430 (1998); *Griess v. Clay Cty. Bd. of Supervisors*, 11 Neb. App. 910, 662 N.W.2d 638 (2003) (citing *Cotton v. Steele*, 255 Neb. 892, 587 N.W.2d 693 (1999)); *Sarpy Cty. Bd. of Comrs. v. Sarpy Cty. Land Reutil.*, 9 Neb. App. 552, 615 N.W.2d 490 (2000). Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *Griess v. Clay Cty. Bd. of Supervisors, supra.*

## ASSIGNMENT OF ERROR

On appeal, the State argues that the district court erred when it ruled that the State lacked standing to present a *Batson* challenge to Johnson's use of peremptory challenges to exclude all females from the jury.

## ANALYSIS

Under Neb. Rev. Stat. § 29-2315.01 (Reissue 1995), the State may request review of an adverse decision or ruling in a criminal case after a final order or judgment in the criminal case has been entered. The purpose of this procedure is to provide an

authoritative exposition of the law to serve as precedent in future cases. See *State v. Detweiler*, 249 Neb. 485, 544 N.W.2d 83 (1996). The scope of such an appeal, however, is limited.

Under Neb. Rev. Stat. § 29-2316 (Reissue 1995), the judgment of the court in any action taken under § 29-2315.01 shall not be reversed or in any manner affected when the defendant in the trial court has been placed legally in jeopardy, but in such cases, the decision of the appellate court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered or which may thereafter arise in the state. *State v. Detweiler, supra.* Therefore, we do not look to affirm or reverse Johnson's conviction. Rather, we render this opinion as authoritative precedent to govern pending or subsequent cases.

In *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), the U.S. Supreme Court held that a prosecutor may not exercise peremptory jury strikes based on race. A *Batson* challenge subsequently became commonly used by a litigant to challenge allegedly discriminatory peremptory jury strikes by opposing counsel under any discriminatory basis, whether race or something else. In *Georgia v. McCollum*, 505 U.S. 42, 112 S. Ct. 2348, 120 L. Ed. 2d 33 (1992), the U.S. Supreme Court held that the Equal Protection Clause of the U.S. Constitution also prohibits a defendant from engaging in purposeful race discrimination during his or her exercise of peremptory challenges. Furthermore, in *J. E. B. v. Alabama ex rel. T. B.*, 511 U.S. 127, 114 S. Ct. 1419, 128 L. Ed. 2d 89 (1994), litigants are also prohibited from exercising peremptory jury strikes based upon gender. Although that case involved the prosecutor's execution of peremptory challenges, we are confident that the same prohibition applies to a defendant's use of peremptory challenges to exclude jurors based on gender. See, *Commonwealth v. Rodriguez*, 431 Mass. 804, 731 N.E.2d 71 (2000); *State v. Chevalier*, 340 N.J. Super. 339, 774 A.2d 597 (2001); *McGlohon v. State*, 228 Ga. App. 726, 492 S.E.2d 715 (1997).

In this case, Johnson used all of his peremptory strikes against female potential jurors. Thus, the State was justified in raising a *Batson* challenge to Johnson's strikes. The trial court was then required to ask Johnson's counsel to explain the basis

for his strikes. Because the trial court did not do so, the trial court erred.

## CONCLUSION

Given that the trial court erred when it ruled that the State lacks standing to present a *Batson* challenge to a defendant's use of peremptory challenges to exclude all females from a jury, we sustain the State's exception to the trial court's ruling.

EXCEPTION SUSTAINED.